Grover, J.
 

 Whether the verdict rendered by the jury upon the questions of feet ordered to be tried should be set aside, and a new trial ordered, was, under the practice of the former Court of Chancery, a question addressed to the discretion of the court.
 
 (Lansing
 
 v.
 
 Russell, 2
 
 Com., 563;
 
 Apthorp
 
 v.
 
 Comstock, 2
 
 Paige, 482.) This has not been changed by the Code.
 
 (Forrest
 
 v.
 
 Forrest,
 
 25th N. Y., 501.) Whether this discretion is exercised upon the ground of surprise, newly discovered evidence, incorrect rulings as to the competency of evidence, the weight of evidence, or as in the present case, that the issues tried not embracing all the material facts necessary for the determination of the case, and that the trial of the remaining questions will be embarrassed by permitting the verdict to stand, does not change the question in this respect. The action is such as brings the mode of trial of the issue within section 25 of the Code. That section provides that the issue is liable by the court, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it, as provided in sections 270 and 271. This section obviously makes the mode of trial, as therein limited, discretionary with the court, which discretion may be exercised upon a motion by either party for a reference, or for a trial of the issue, or of some specific question of fact by jury, or upon an inspection of the pleadings, and the allegations of the parties when the cause is moved for trial by the court. In either case the order is in the discretion of the court, and is not, therefore, reviewable by this court under subdivision 4 of section 11 of the Code. That subdivision only authorizes the review by this court of such interlocutory orders made in actions as do not involve any question of discretion. The order appealed from in this case in both its branches does
 
 *122
 
 involve a question of discretion, and is not, therefore, appeal-able to this court. Whether a case might not arise where a refusal to set aside a verdiet and grant a new trial might he reviewed by this court upon an appeal from the judgment, is a question not necessary now to determine. The appeal must be dismissed with costs.
 

 Church, Oh. «T., Allen, Folgeb and Sapallo, JJ., concur. Peokham, J., dissents.
 

 Appeal dismissed.