James Talcott, Respondent, *v.* Jacob Harris et al., Appellants.

*It seems* that a creditor of a bankrupt who claims that his demand was created by fraud does not waive his right to assert the fraud by joining in a composition in bankruptcy proceedings and accepting his share of the assets. The debt, if fraudulently contracted, is not discharged by the proceedings; the dividend is simply a payment thereon, and the creditor may sue for and recover the balance unpaid. (1 U. S. R. S., § 5117.)

Where a defendant has been arrested by virtue of an order of arrest issued upon *ex parte* affidavits averring fraud in the contraction of the debt sued upon, his omission to make a motion to vacate the order cannot be considered as an admission of the truth of the averments, and does not make the affidavits competent evidence upon trial of the action.

(Argued October 11, 1883; decided October 26, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 10, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover for goods sold and delivered.

The defense was a composition and discharge in bankruptcy. In reply plaintiff set up that the sale was induced by fraud. An order of arrest was issued in the action upon affidavits averring the fraud in the contraction of the debt.

The further material facts are stated in the opinion.

*L. A. Gould* for appellants. A composition in bankruptcy when completed, as to all who are bound by it, is an accord and satisfaction, and a creditor who accepts his share of the assets becomes bound by it. (*Wilmot* v. *Mudge*, 13 Otto, 217, 219 ; *Cutter* v. *Mayor*, 14 W'kly Dig. 206.) The court erred in admitting in evidence the *ex parte* affidavits of plaintiff and his agents, and the order of arrest granted thereon for the two alleged frauds in contracting the debt, and a subsequent disposal of property with fraudulent intent. (Code, § 204; Civil Code, § 567 ; *People, ex rel.* v. *Walsh*, 87 N. Y. 481.)

*L. L. Van Allen* for respondent. A discharge in bankruptcy does not affect fraudulent debts. (*Argall* v. *Jacobs*, 87 N. Y. 110; *Bagley* v. *Washington & Lee University*, 26 A. L. J. 439; U. S. R. S., § 5117; *Wilmot* v. *Mudge*, 23 A. L. J. 413; *Ansonia Brass & Copper Co.* v. *Lamp Chimney Co.*, 53 N. Y. 123; *Frieburg & Workum* v. *Popper*, 12 Hun, 658; *Libbey* v. *Strasburger*, 6 W. D. 265 ; *Reid* v. *Martin*, 4 Hun, 590; *Talcott* v. *Harris*, 8 W'kly Dig. 525.) The order of arrest, and the affidavits upon which the same was granted, were part of the proceedings in the action, of which the court will take judicial notice, and were properly admitted in evidence. (*Frieburg & Workum* v. *Popper*, 12 Hun, 658; *Libbey* v. *Strasburger*, 6 W. D. 265 ; *Reid* v. *Martin*, 4 Hun, 590; *Talcott* v. *Harris*, 8 W'kly Dig. 525.) The order of arrest is *res judi-*

*cata* on the question of fraud. (*Humphrey* v. *Brown*, 17 How. 481–4; *Smith* v. *Knapp*, 30 N. Y. 581–9.) Allegation of fraud in the complaint is unnecessary. (*Argall* v. *Jacobs*, 87 N. Y. 110; *Cheney* v. *Garbutt*, 5 How. 467; *Steele* v. *Palmer*, 11 Abb. 62; *Elwood* v. *Gardner*, 45 N. Y. 349.) The question of fraud having been submitted to and passed upon by the jury, their verdict is conclusive. (*Ruhl* v. *Philips*, 48 N. Y. 125; *Booth* v. *Bunce*, 33 id. 139; *Devoe* v. *Brandt*, 53 id. 462–5; *Naugatuck Cutlery Co.* v. *Babcock*, 11 W. D. 176; *Conkling* v. *Thompson*, 29 Barb. 218; *Best* v. *Starks*, 24 How. 58; *Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 415.) Evidence of similar transactions and representations by the defendants, at or about the same time the purchase here was made, was admissible. (*Miller* v. *Barber*, 66 N. Y. 568; 11 W. D. 176; *Hersey* v. *Benedict*, 15 Hun, 282; *Cary* v. *Hotailing*, 1 Hill, 311.) The answer not setting up any new matter by way of counter-claim, a reply thereto would have been improper. (Code of Civ. Proc., §§ 514, 516–522; *Devlin* v. *Bevins*, 22 How. 290; *Richtmyer* v. *Haskins*, 9 id. 481; *Roosa* v. *S. & W. T. R. Co.*, 8 id. 237; *Simpson* v. *Loft*, id. 234; *Williams* v. *Upton*, id. 205; *Thomas* v. *Harrop*, 7 id. 57.) In pleading a composition in bankruptcy the answer must allege all the facts which show that the court had jurisdiction of the parties and of the subject-matter. (*Cromwell* v. *Burr*, 10 W. D. 133.)

MILLER, J. It is well settled by the authorities that a composition in bankruptcy is no discharge of a debt created by fraud. (*Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.*, 53 N. Y. 123; 13 Am. Rep. 476; *Freiberg & Workum* v. *Popper*, 12 Hun, 658; *Libbey* v. *Strasburger*, 6 W. D. 265; *Reid* v. *Martin*, 4 Hun, 590.) It is conceded by the appellants' counsel that a composition will not *per se* extinguish a debt created by fraud, but it is insisted that a creditor who claims that his demand was created by fraud and is not dischargeable by any proceeding in bankruptcy is not a proper party to a composition proceeding and has no right to appear therein and

accept the sum which is fixed by the terms of the composition as his share of the debtor's assets and then sue for the balance of the debt; that a composition is an accord and satisfaction, and that the plaintiff in this case, having accepted his share of the assets in the composition proceedings, is barred by it and cannot maintain this action.

We think that this proposition cannot be maintained. The statute declares that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved and the dividend thereon shall be a payment on account of such debt." (§ 5117, U. S. R. S.)

The statute is broad and comprehensive and is directed against fraud committed in creating the debt, and where fraud is shown to exist it is plainly applicable unless it is entirely clear that the creditor has, by some positive act, waived the fraud. We think that this does not appear in this case. The alleged ground of waiver consisted in the participation by plaintiff in the bankruptcy proceedings, in which it appears that the resolution for the composition was duly passed, the terms of which were performed by the defendants; that the plaintiff proved his claim as a creditor in said proceedings as an unsecured debt on contract for goods sold and delivered; that he resisted the passage, confirmation and recording of the resolution for composition upon the ground that defendants' proceedings were not just and fair and were fraudulent; that plaintiff refused to receive the dividend until defendants petitioned the court for leave to deposit the same to his credit; when he gave a receipt for his dividend under said composition, alleging and setting forth in writing in said receipt, that he received the same under protest, and brings this suit to recover the balance of his said claim.

It will be seen that the plaintiff merely took part in the legal proceedings in regard to the composition, but in no direct way consented to waive his right to hold the defendants for the fraud committed in creating the debt. His act was not like a

voluntary consent to the compounding of a demand by a com-
position deed or agreement, and his participation in the pro-
ceedings was not a surrender of his claim against the defend-
ants on account of the fraud.   Under these circumstances it
was no defense to the plaintiff's demand that he had partici-
pated in and received a portion of the money raised for the
composition of the defendants' debts.   It is the fraud in con-
tracting the debt which renders the creditor liable, even after
his discharge, and whenever it appears to the court that such
fraud existed, the defense of a composition is invalid and of
no avail.

The appellants' counsel cites from the opinion of the court
in the case of *Wilmot* v. *Mudge* (13 Otto, 217) to sustain the
doctrine that where the creditor receives his portion of the
composition he cannot enforce his claim upon the ground of
fraud.   No such question was presented in that case, and the
remarks relied upon, relating to the evidence presented, can-
not be considered as upholding such doctrine.   As the case
stands no defense was made out by reason of the plaintiff re-
ceiving his portion of the composition.

It is claimed that there was error in the admission in evidence
of the *ex parte* affidavits and order of arrest.   If the affidavits in
question were competent evidence it must be upon the ground
that they were statements made by or on behalf of the plaintiff,
showing the fraud of the defendants, which were uncontradicted
by the defendants, and that they acquiesced in the propriety of
the order and in the truth of the statements made by failing to
make a motion to vacate the same.   The defendants had the
right to make such motion at any time before final judgment,
and it is by no means clear that a failure to do so was an acqui-
escence in the correctness of the affidavits and of the order
granted.   While a party may be called upon in many cases to
speak where a charge is made against him, and in failing to do
so may be considered as acquiescing in its correctness, his omis-
sion to answer a written allegation, whether by affidavits or
otherwise, cannot be regarded as an admission of the correct-
ness thereof and that it is true in all respects.   Reasons may

exist why he may choose and has a right to remain silent and to vindicate himself at some future period and on some more opportune occasion. It would be going very far to hold that a party arrested upon *ex parte* affidavits should be considered as assenting to their verity because he omitted or refused to answer them before the time which the law allows him for that purpose. We are unable to see how such testimony can be justified. The facts stated could have been proved orally by the witnesses who swore to the affidavits, and no injustice would have been done to the plaintiff by their exclusion. The fact that the affidavits and order of arrest were part of the proceedings furnishes no sufficient reason for their admission as evidence.

Without considering the other questions the judgment should be reversed, a new trial granted, costs to abide the event.

All concur.

Judgment reversed.