THOMAS H. LEARNED, Appellant, *v.* WILLIAM E. TILLOTSON, Respondent.

The provisions of the Code of Civil Procedure (§§ 972, 1003) providing for the determination of the other issues of fact in an equity case where one or more specific questions have been submitted to a jury, and also for the review of the verdict of the jury upon the questions submitted, do not change the old practice; and the verdict of the jury, although a motion for a new trial has been denied, is not conclusive upon the court on the final hearing of the action, but may be disregarded.

An omission of one of the parties to a transaction to answer a letter written to him, after the transaction, by the other party thereto, giving the latter's version thereof, may not be taken as an admission of the truth of the statements in the letter; they are mere declarations of the writer in his own behalf, which do not demand an answer, and are not admissible as evidence against the person to whom the letter was sent.

*Keen* v. *Priest* (1 Fos. & Fin. 314), *Roe* v. *Day* (7 Carr. & Payne, 698), *Gaskill* v. *Skene* (14 Q. B. 664), *Fenno* v. *Weston* (31 Vt. 345), *Allen* v. *Peters* (4 Phila. 78), distinguished.

(Argued June 27, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made May 9, 1882, which

SICKELS — VOL. LII.          1

affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Robert Stickney* for appellant. The plaintiff's testimony as to the original conversation between himself and the defendant, if true, established an agreement for a partnership venture. (*White* v. *Drew*, 56 How. 53; 3 Kent's Com. 23, 24, 25, note *a;* 1 Lindley on Partnership, 19, 55, 90, 571, 572, 573, 577; *Munro* v. *Whitman*, 8 Hun, 553; *Pooley* v. *Driver*, L. R., 5 Ch. Div. 458, 470; *Mitchell* v. *Read*, 61 N. Y. 123; 84 id. 556; *Getty* v. *Devlin*, 70 id. 504; *Russell* v. *Austwick*, 1 Simons, 52.) The plaintiff's pleading and the jury's finding were, therefore, abundantly sustained by the plaintiff's evidence, although both the pleading and the finding included the terms implied, as well as the terms expressed, of the partnership agreement. (1 Chitty's Pleading, 310; *Brown* v. *Champlin*, 66 N. Y. 214; *Badeau* v. *Niles*, 9 Abb. N. C. 48; *Armstrong* v. *Baldwin*, 3 T. & C. 443; *Tuttle* v. *Hannegan*, 54 N. Y. 686; *Zabriskie* v. *Smith*, 13 id. 330; *Candler* v. *Rossiter*, 10 Wend. 487; *Boyce* v. *Brown*, 7 Barb. 80; *Conklin* v. *Gandall*, 1 Keyes, 228; *Prindle* v. *Caruthers*, 15 N. Y. 429.) The letter of December 2 was admissible as part of the *res gestœ*, notwithstanding it contains the plaintiff's own declarations in his own favor. (Greenleaf on Evidence, § 108; 1 Taylor on Evidence, § 585; *Beaver* v. *Taylor*, 1 Wall. 637; *Milne* v. *Leisler*, 7 H. & N. 786, 796.) There is a growing tendency of the courts of highest resort to admit evidence of any "facts" which "tend to elicit the truth." (*Conn. Mut. L. Ins. Co.* v. *Lathrop*, 29 Alb. L. J. 429.) Although the letter contains a statement, as to the alleged agreement, made after the date when the agreement was made, it is still admissible as part of the *res gestœ*. (1 Taylor on Evidence, § 588; *McCotter* v. *Hooker*, 8 N. Y. 497; *Palmer* v. *First Nat. Bk.*, 4 Wk'ly Dig. 268; *Jewell's Lessee* v. *Jewell*, 1 How. (U. S.) 219, 232; *Commw.* v. *McPike*, 3 Cush. 181; *Commw.* v. *Hackett*,

2 Allen, 136 ; *Tompkins* v. *Saltmarsh,* 14 S. & R. 275 ; *Rawson* v. *Haigh,* 2 Bing. 99, 104; *Ridley* v. *Gyde,* 9 id. 349 ; *Rouch* v. *Great W. R. Co.,* 1 Q. B. 51 ; *Thorndike* v. *City of Boston,* 1 Metc. 242, 247 ; *Doe* v. *Arkwright,* 5 C. & P. 575.) Every act or declaration of any party, which is a part of the history of the transaction under investigation, is admissible as part of the *res gestæ,* as circumstantial evidence, in the absence of conclusive direct evidence upon the precise point in issue. (*Hickler* v. *Leighton,* 70 N. Y. 610 ; *Fisher* v. *Mayor, etc.,* 67 id. 73 ; *Twomley* v. *Cent. Park, etc., R. R. Co.,* 69 id. 158; *Eager* v. *Crawford,* 76 id. 97; *Shaw* v. *People,* 3 Hun, 272.) Even if the letter were a mere unanswered letter, it was admissible. (*Keen* v. *Priest,* 1 F. & F. 314 ; *Roe* v. *Day,* 7 C. & P. 705.) Taken, however, in connection with all the other circumstances in the case, with the telegram, the defendant's purchase, the letter of October 10, and the admitted conversation of October 21, the defendant's omission to answer the letter constitutes an admission by conduct. (Greenleaf on Evidence, §§ 197, 198 ; *Kelley* v. *People,* 55 N. Y. 565 ; *La Bau* v. *Vanderbilt,* 3 Redf. 384, 399 ; *Gaskill* v. *Skene,* 14 Q. B. 664 ; *Fenno* v. *Weston,* 31 Vt. 345 ; *Hill* v. *Pratt,* 29 id. 126 ; *Allen* v. *Peters,* 4 Phila. 84.) The letter, however, was answered in the subsequent conversation, and was admissible for that reason, if on no other ground. (*Coleman* v. *People,* 58 N. Y. 555, 560 ; *Platt* v. *Platt,* id. 649 ; *Dutton* v. *Woodman,* 9 Cush. 255.) It was not within the power of the court to disregard the verdict of the jury. (2 Daniell's Ch. Pr. 1146 ; *Clark* v. *Brooks,* 2 Abb. [N. S.] 385, 407; *Lansing* v. *Russell,* 2 N. Y. 563 ; *Hatch* v. *Peugnet,* 64 Barb. 189 ; *Jackson* v. *Andrews,* 59 N. Y. 244; Code of Civ. Pro., §§ 972, 999, 1003, 1301, 1316, 1317 ; *Chapin* v. *Thompson,* 23 Hun, 12.)

*Joseph H. Choate* for respondent. This court has no power to review the facts. (Code of Civ. Pro., § 1337; *Matter of Ross,* 87 N. Y. 514; *Vermilyea* v. *Palmer,* 52 id. 471, 473.) It was within the power and discretion of the Special Term

to disregard the verdict as unsatisfactory and find against the plaintiff. (*Boole* v. *Blundell*, 19 Ves. Jr. 494, 499; *Hampson* v. *Hampson*, 3 V. & B. 41, 42; *Basey* v. *Gallagher* [1874], 20 Wall. 670, 680; *Watt* v. *Starke*, 101 U. S. 247; *Colie* v. *Tifft*, 47 N. Y. 119; *Vermilyea* v. *Palmer*, 52 id. 471, 474; *Birdsall* v. *Patterson*, 51 id. 43; *Brinkley* v. *Brinkley*, 2 T. & C. 501; 56 N. Y. 192; *Smith* v. *Chasseaud*, 1 Weekly Dig. 117; *Miaghan* v. *Hartford*, 12 Hun, 321; *Hatch* v. *Peugnet*, 64 Barb. 189.) The Code of Civil Procedure has not changed the effect of special findings. (Throop's notes to §§ 972, 1003; *Ward* v. *Warren*, 15 Hun, 600; 82 N. Y. 265; *Wallace* v. *Am. L. T. Co.*, 16 Hun, 404; *Madison University* v. *White*, 25 id. 490; *Carroll* v. *Deimel*, 13 Weekly Dig. 401; 27 Moak's Eng. Rep. 3, 4.) The trial court is not bound to regard exceptions which ought not to affect the merits, and this court, reviewing the questions of law upon the trial, must adopt the same rule. (*Vermilyea* v. *Palmer*, 52 N. Y. 471, 477.) It makes no difference in the effect of the verdict, or in the value of our objections to it, that motions for a new trial had been denied. (*Brown* v. *Clifford*, 7 Lans. 46; 54 N. Y. 636.) The letter of December 2 was admissible to show a demand, but incompetent as evidence of the facts it stated. (*Waring* v. *U. S. Tel. Co.*, 4 Daly, 233, 237, 240; *Allen* v. *Peters*, 4 Phila. 78, 84, 85; *Anthoine* v. *Coit*, 2 Hall, 40, 46, 47; *Robinson* v. *F. R. R. Co.*, 7 Gray, 92, 97; *Hill* v. *Pratt*, 29 Vt. 119; *People* v. *Lockwood*, 3 Hun, 304; *Fairlie* v. *Denton*, 3 C. & P. 103; *Gaskell* v. *Kene*, 14 Ad. & E. [N. S.] Q. B. 664; *Waring* v. *U. S. Tel. Co.*, 4 Daly, 233; *Draper* v. *Crofts*, 15 M. & W. 166; *Talcott* v. *Harris*, 93 N. Y. 567, 571; *Meguire* v. *Corwin*, 3 MacArthur [D. C.], 81; *Wright* v. *Doe dem. Tatham*, 7 Ad. & E. 313; 5 C. & F. 670; *Rex* v. *Plumer*, R. & R. C. C. 264.) The court will not consider exceptions where no grounds were stated for the objections. (*Bergmann* v. *Jones*, 94 N. Y. 51.) The judgment is conclusive between the parties, not only as to all matters expressed in the pleadings, but also as to all matters which

were litigated or might have been litigated in the action. (*Patrick* v. *Shaffer*, 94 N. Y. 423, 430.)

MILLER, J. The plaintiff, in his complaint in this action, demands that the defendant account for all purchases and sales made by him of certain stock of the Silver Islet Consolidated Mining and Lands Company, under an alleged agreement for a copartnership venture with an equal division of profits, by which the plaintiff was to furnish information as to the probable value, as a purchase, of the capital stock of said company, which information was to be used for the joint benefit of the plaintiff and defendant, and for all uses made by the defendant of such information furnished by the plaintiff. The question whether a valid agreement was established between the plaintiff and the defendant, by which the defendant obligated himself to pay to the plaintiff a portion of the profits realized by him in the purchase of the stock of the Silver Islet Mining Company, involved a matter of fact for the consideration and determination of the judge at Special Term upon the trial of this action. The testimony of both the plaintiff and defendant, who were the principal witnesses in regard to the terms of the alleged agreement, was in conflict, and there was no such preponderance in the evidence as would authorize a holding, as a matter of law, that a valid agreement was established, by which the defendant was bound to render an account to the plaintiff for profits made, or for one-half of the stock purchased by him by reason of such agreement. It is well settled that, under such circumstances, upon an appeal to this court, the facts are not reviewable. (Code of Civ. Pro., § 1337; *Matter of Ross*, 87 N. Y. 514. See, also, *Vermilyea* v. *Palmer*, 52 id. 471.) In this case, however, it appears that a specific question of fact as to the existence of an agreement between the parties had previously been submitted to the jury upon the trial before the judge at Special Term, and a verdict rendered in plaintiff's favor, and that the cause was subsequently tried by another judge upon oral testimony taken, as well as the testimony given upon the former trial, contained in an exhibit which was

introduced in evidence, and the verdict previously rendered, and it is claimed by the appellant's counsel that it was not within the power of the court to disregard the verdict of the jury. Under the practice of the Court of Chancery as it formerly existed the rule undoubtedly was that the finding of specific issues, tried before a jury when ordered, was not a final determination of such issues. The verdict of the jury was not conclusive, and could only be read on the hearing with full power in the court to follow or reject it as might be deemed fit and proper. It was only a part of the evidence, and if for any reason it was deemed unauthorized, it could be rejected, and was not obligatory upon the court. The object of such a proceeding was ancillary to the action of the court and simply advisory. If the verdict was not set aside the court was authorized to give it such weight as it determined it was entitled to. It could treat it as entirely conclusive, and dispense with other evidence upon the issues presented, or it could allow other evidence to be given, or entirely disregard the verdict, and find the fact according to its own judgment. (Daniell's Ch. Pr. 1146; *Bootle* v. *Blundell*, 19 Ves. Jr. 494, 499; *Hampson* v. *Hampson*, 3 Ves. & Bea. 41; *Basey* v. *Gallagher*, 20 Wall. 670, 680; *Watt* v. *Starke*, 101 U. S. 247; *Colie* v. *Tifft*, 47 N. Y. 119; *Birdsall* v. *Patterson*, 51 id. 43; *Vermilyea* v. *Palmer*, 52 id. 471, 474.)

The Code of Procedure did not change the rule but left the verdict of the jury as evidence only and not a determination of the issue. It is claimed that the Code of Civil Procedure has changed the practice and has made the verdict of a jury in an equity case the final determination of the issue, and reliance is placed upon the provisions of section 1003 of that Code, which provides for the reviewing of the verdicts of juries in both common-law and equity cases, and declares that " the provisions of this article relating to the proceedings to review a trial by a jury are applicable to the trial by a jury of one or more specific questions of fact arising upon the issues in an action triable by the court." It then refers to the Special Term as that court where " the remaining

issues of fact are tried." The preceding section — 972 — which is also relied upon, contains words of a similar import and provides that "If the questions directed to be tried by a jury, as prescribed in the last two sections, do not embrace all the issues of fact in the action, the remaining issues of fact must be tried by the court or by a referee." If any change is made it is by virtue of the section last cited, which, we think, simply declares the law as it previously existed, and works no alteration in the practice. The enactment that questions not submitted to a jury must be tried by the court is not a declaration that the questions submitted to the jury must not be tried by the court. It simply provides in what manner the issues not tried shall be tried, leaving the issues which have been tried to be determined the same as formerly, upon the final hearing. The right and the power to try and determine all the issues in the case could not be taken away without express words to that effect and a clear intention manifested by an enactment for that purpose. So great a change in the practice of a court of equity is not to be inferred and can only be sanctioned by clear and explicit provisions for that purpose.

The claim urged, that the "remaining issues" are to be interpreted as meaning that the questions submitted to the jury no longer remain for trial, and are finally disposed of by the verdict, is not, we think, well founded. In the sense in which these words are used they simply mean the other issues which have not been tried, thus leaving it for the court to determine, upon the entire case, of which the verdict constitutes a part, the questions presented for trial. This construction is supported by the opinion of CHURCH, C. J., in *Vermilyea* v. *Palmer* (*supra*), where, after referring to the facts found by the jury, he speaks of the other facts as the "remaining facts." There is no provision in the Code of Civil Procedure as to the effect of the verdict, and thus the law is left unchanged in this respect. This construction is also supported by the notes to sections 1003 and 972, in Throop's Edition of the Code. There is nothing, we think, in section 1225 of the Code, or in any

other of the provisions relied upon, which sustains the position of the appellant's counsel.

The motion for a new trial upon the minutes, after the verdict, and its denial does not, we think, preclude the court, upon a trial of the entire case, from disregarding the verdict. An examination of the various provisions of the Code leads us to the conclusion that the court at Special Term committed no error in this respect. Upon the trial, it appears to have been conceded that the verdict was not conclusive, for the appellant submitted every question to the court, proved his whole case *de novo* by oral testimony, and introduced in evidence the verdict, the stenographer's minutes of the first hearing, including the judge's charge. In fact, the testimony tended to show an agreement which differed somewhat from that found by the jury. The whole case was thus tried, and we are unable to discover that there was any rule of practice violated by the judge in disposing of the same.

Upon the trial at Special Term objection was made to the introduction in evidence of a letter from the plaintiff to the defendant, dated the 2d day of December, 1878, and the letter was excluded, except for the purpose of showing a demand by the plaintiff of the defendant of the stock claimed to belong to the plaintiff. This same letter was received in evidence upon the first hearing against the objection of the defendant, and an exception taken to the ruling. The letter in question contained a statement of the plaintiff's claim against the defendant, and it is insisted that it was admissible as a part of the *res gestæ.* If the letter was competent it must be on the ground that it was a statement made by the plaintiff, which called for a response from the defendant, and none having been given, the silence of the defendant, and his failure to make any reply to the same was an admission of the accuracy of the statement made in the letter. The letter itself cannot be regarded as coming within the rule that where a statement is made at the time when credit is given, as in an action for falsely representing the solvency of a stranger, proof may be given that the plaintiff trusted him in consequence of the misrepre-

sentation, or as evidence of declarations in kindred cases accompanying the acts done, which constitute a part of the *res gestæ.* (Taylor on Evidence, § 585 ; *Beaver* v. *Taylor,* 1 Wall. 637 ; *Milne* v. *Leisler,* 7 H. & N. 786, 796.)

The letter containing the statement as to the transaction was written long after the alleged agreement was entered into, and cannot well be regarded as accompanying and constituting a part of the same. It was evidently an after-thought, intended to draw from the plaintiff, in response, a statement of his version of the transaction, and the evidence cannot be justified upon the ground that it was in the nature of a conversation had after the contract had been made, which contained statements as to what had taken place at the time of the original contract, and hence was a part of the *res gestæ* within some of the authorities cited by the appellant's counsel. The statement was entirely *ex parte,* not made in the presence of the defendant, and, therefore, he was not in the position of one to whom a conversation is addressed, who is called upon at the time to make an answer to the same, or to suffer the consequences of such inferences as may be derived from the fact of his remaining silent, and thus acquiescing in the correctness of the representations made. Nor can it be said, we think, that the statement contained in the letter bears any analogy to a case where an injured party makes a statement after the transaction, which is held, under certain circumstances in some of the authorities, to be competent testimony.

Some of the cases cited, to establish the admissibility of declarations in favor of or against the party making them, relate to the question of intent, and have no application to the case at bar. (*Ridley* v. *Gyde,* 9 Bing. 349 ; *Thorndike* v. *City of Boston,* 1 Metc. 242.)

Other authorities are cited to sustain the position that the letter, taken in connection with the defendant's silence, and the subsequent interviews between the parties, was evidence, on the ground that it tended to establish an admission by the defendant. These cases have been examined, and we think none of them present the precise question now considered. In *Keen*

v. *Priest* (1 Foster & Fin. 314) the letter then in question was from the plaintiff's attorney to the defendant, demanding redress for " an illegal seizure of sheep," and it was admitted on the ground that it was evidence of the conduct of the defendant, of which silence was sometimes evidence. It will be seen that the case was one of a tortious nature, and in this respect differs from an action upon a contract, where the letter is offered to show the plaintiff's version of the contract and its admission by the mere silence of the defendant.

In *Roe* v. *Day* (7 Carr. & P. 698), the letter introduced was the last of a written correspondence, and was competent for the purpose of showing all that passed between the parties. In *Gaskill* v. *Skene* (14 Q. B. 664), the letter was received in evidence, as being, in substance, a demand, and containing only such statements as might fairly accompany a demand. The remarks of COLERIDGE, J., evince that a mere *ex parte* statement in a letter, of the party's case, cannot be received as evidence upon the ground that it remains unanswered.

In *Fenno* v. *Weston* (31 Vt. 345), the letter in question was introduced in evidence without objection, and constituted a portion of the correspondence between the parties, and the question in reference to it was raised in regard to the charge of the judge. The precise point now made was not presented. There were no letters passing between these parties which authorizes the admission of the letter objected to as a part of the correspondence, and it does not appear that the defendant ever wrote to the plaintiff, or had any communication with him on the subject except of an oral character. In *Allen* v. *Peters* (4 Phila. 78), the decision was based on the ground of a misdirection, or a want of full direction in the charge, and the question whether the letter was properly admitted was not decided, and there is nothing in the opinion of the court which sustains the admissibility of a letter of the character of the one which was excluded under the facts presented in the case at bar. Nor can it be said, we think, that the letter was answered in the subsequent conversation between the parties, which was given in evidence upon the trial, so as to render the

letter admissible. Some other cases are cited by the appellant's counsel, but none of them hold, that a letter, written under the circumstances presented here, is competent evidence, of itself, against the party to whom it is addressed. On the contrary, numerous authorities sustain the position that a letter written long after the transaction has taken place, stating the facts relating to the same, and the agreement of the parties, under ordinary circumstances, is a mere declaration of the party in his own behalf, which does not demand an answer, and that the silence of the party cannot be considered as an admission of the truth of the statement made, and as binding upon him.

The question here discussed has been the subject of consideration in a recent decision of this court. (*Talcott* v. *Harris*, 93 N. Y. 567, 571.) In that case the action was against a person who had been discharged in bankruptcy, and it was claimed that the discharge was invalid on the ground that there was fraud in the contract by the bankrupt. An order of arrest had been issued upon affidavits averring fraud in contracting the debt, and upon the trial the plaintiff introduced in evidence, against the objection and exception of the defendant, the papers upon which said order was granted. This court held that the evidence was erroneously received, and reversed the judgment. It was laid down in the opinion that "if the affidavits in question were competent evidence, it must be upon the ground that they were statements made by or on behalf of the plaintiff, showing the fraud of the defendants, which were uncontradicted by the defendants, and that they acquiesced in the propriety of the order and in the truth of the statements. * * * While a party may be called upon in many cases to speak where a charge is made against him, and in failing to do so may be considered as acquiescing in its correctness, his omission to answer a written allegation, whether by affidavit or otherwise, cannot be regarded as an admission of the correctness thereof, and that it is true in all respects. Reasons may exist why he may choose and has a right to remain silent and to vindicate himself at some future period, and on some more opportune occasion."

We are unable to see why the case cited is not directly in point. The affidavits constituted a statement by the plaintiff, which was not contradicted, no motion having been made to vacate the order of arrest, upon the ground that the facts were not true, and no exception having been taken to the same. The facts are very similar in reference to the letter of the plaintiff in the case at bar, and if silence could be regarded as an admission of the correctness of the statement made, the same rule is applicable to each case, and the decision last cited is controlling. Numerous other cases tend in the same direction. ( *Waring* v. *U. S. Tel. Co.*, 4 Daly, 233 ; *Anthoine* v. *Coit*, 2 Hall, 40 ; *Robinson* v. *Fitchburg & W. R. R. Co.*, 7 Gray, 92 ; *Hill* v. *Pratt*, 29 Vt. 119 ; *People* v. *Lockwood*, 3 Hun, 304 ; *Fairlie* v. *Denton*, 3 Carr. & P. 103 ; *Draper* v. *Crofts*, 15 Mees. & Welsb. 166 ; *Meguire* v. *Corwine*, 3 MacArthur [D. C.], 81.)

From an examination of the cases, we think that a distinction exists between the effect to be given to oral declarations made by one party to another, which are in answer to or contradictory of some statement made by the other party, and a written statement in a letter written by such party to another. It may well be that under most circumstances what is said to a man to his face, which conveys the idea of an obligation upon his part to the person addressing him, or on whose behalf the statement is made, he is at least in some measure called upon to contradict or explain ; but a failure to answer a letter is entirely different, and there is no rule of law which requires a person to enter into a correspondence with another in reference to a matter in dispute between them, or which holds that silence should be regarded as an admission against the party to whom the letter is addressed. Such a rule would enable one party to obtain an advantage over another and has no sanction in the law. We think that the court, on the trial at Special Term, properly held that the letter was inadmissible except for the purpose of showing a demand, and that the judge, upon the previous trial of the issue which was submitted to the jury, erred in receiving the same in evidence.

There was no error in any of the findings of the court upon the trial, and the judgment should be affirmed.

All concur, except DANFORTH, J., absent.

Judgment affirmed.