William H. Thomas, Respondent, *v.* William B. Gage, Appellant.

The silence of one to whom a letter is written, when there is no duty to speak, does not operate as an admission of the facts stated in the letter.

T. & M., plaintiff's assignors, and defendant entered into a contract by the terms of which the former agreed to make a monument for the latter, who, the contract stated, " is to inspect the model when made in clay, and it is to be made to his entire satisfaction." In an action for an alleged breach of the contract, plaintiff gave evidence to the effect that defendant inspected the model when finished and expressed his entire satisfaction therewith. This was denied by defendant, who testified that, on the contrary, he expressed dissatisfaction, specifying various defects and objections. Plaintiff was permitted, against the objection of defendant, to read in evidence a letter from M. to defendant which, among other things, stated in substance that the model had been on exhibition in the studio of T. & M. for about a month, and that hundreds of visitors, professional and business men and women, unanimously commended it; this was followed by a statement of what various persons, who were named, had said upon the subject. *Held*, that the admission of the letter in evidence was error, requiring a reversal of the judgment.

(Argued February 27, 1894; decided March 6, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 2, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles S. Lester* for appellant. The court erred in admitting in evidence the letter of John L. Miller, assignor of the plaintiff, dated June 6, 1890. (*Stephens* v. *Vroman*, 16 N. Y. 381; *Learned* v. *Tillotson*, 97 id. 1; *Fairlie* v. *Denton*, 3 C. & P. 103; *Waring* v. *U. S. T. Co.*, 4 Daly, 233; *Robinson* v. *F. R. R. Co.*, 7 Gray, 92; *Simpson* v. *Watrus*, 3 Hill, 619; *Nickerson* v. *Ruger*, 76 N. Y. 279, 283; *Worrall*

v. *Parmelee*, 1 id. 519.) A defendant should not lose the benefit of an exception because after an adverse ruling he goes on with the witness and seeks ineffectually to make a case. He does not thereby waive the exception. ( *Ward* v. *W. Ins. Co.*, 6 Bosw. 229 ; *Holten* v. *Holten*, 5 Wkly. Dig. 14.)

*John A. Foley* for respondent. It was proper for either party to read the letter of August sixteenth. (*Nunn* v. *Reitzenthaler*, 18 Wkly. Dig. 114; *Trischet* v. *H. Ins. Co.*, 14 Gray, 456 ; *Grattan* v. *M. Ins. Co.*, 92 N. Y. 274.) Plaintiff having introduced defendant's letter dated August twenty-first, and defendant having read a portion of plaintiff's dated June thirteenth and his own dated June sixteenth, it was proper for plaintiff to read the whole correspondence. (*Nunn* v. *Reitzenthaler*, 18 Wkly. Dig. 114; *Strong* v. *Strong*, 1 Abb. [N. S.] 233 ; *Trischet* v. *H. Ins. Co.*, 14 Gray, 456; *McCall* v. *Moschcowitz*, 10 Civ. Pro. Rep. 107; *Learned* v. *Tillotson*, 97 N. Y. 1.) The time of performance mentioned in contract, "by July 1, 1890, or as near thereafter as possible," gave plaintiff a reasonable time for performance, due regard being had to his means, engagements, etc. (2 Pars. on Cont. 498.) It was the proper measure of damages to take from the contract price of $4,485 the value of the material on hand at the time of rescission and what it would cost to complete and erect the monument. (Sedg. on Dam. 223 ; 40 N. Y. 422 ; 63 id. 8; 4 id. 338; 89 id. 36, 45 ; 7 Hill, 61.)

ANDREWS, Ch. J. By the written contract of January 20th, 1890, for an alleged breach of which the action is brought, the firm of Thomas & Miller were to make and erect for the defendant a monument to be placed in the cemetery grounds in Saratoga Springs, according to a design of the "Argersigner" monument, of which a photograph was furnished by Thomas & Miller to the defendant. The contract contained this provision : "Mr. Gage is to inspect model when made in clay, and it is to be made to his entire satisfaction." Thomas & Miller made a clay model of the monument, and in April, 1890, the

defendant went to Quincy, Mass., to inspect it. The case turned at the trial on the interview between the parties on this occasion. The plaintiff (assignee of Thomas & Miller) gave evidence tending to show that the defendant then expressed his satisfaction with the work and accepted the model as conforming to the contract. This evidence was contradicted by the defendant, who testified in substance that on that occasion he found fault with the model as not conforming to the "Argersigner" statue, and declared his dissatisfaction, and specified various defects and objections. It was conceded on the trial that unless the model was made to the satisfaction of the defendant the plaintiff could not recover. The jury found a verdict for the plaintiff. They must, therefore, have credited the version given by the plaintiff's witnesses of the interview between the parties in April, 1890, there being no other proof from which it could be found that the model had been accepted by the defendant. Subsequent to the interview in April, there was a correspondence running through several weeks between the parties relating to the monument. The last letter, written by the defendant under date of Aug. 21, 1890, contained a declaration that he rescinded the contract because the work was unsatisfactory, and he therein notified Thomas & Miller to proceed no further. This letter was introduced by the plaintiff and read without objection. It appears from the testimony of Mr. Thomas, one of the firm, that on or about the 1st day of June, 1890, the defendant in a conversation with him at Saratoga Springs, informed him that he was "dissatisfied with everything," and stated that a photograph of the plaster cast of the model which had been sent him was a clumsy imitation of the "Argersigner" statue.

The plaintiff was permitted, against the objection and exception of the defendant, to read in evidence a letter dated June 6, 1890, written by Mr. Miller, of the firm of Thomas & Miller, from Quincy, Mass., to the defendant at Saratoga Springs, which commences with the statement that "Mr. Thomas, my partner, writes me that you did not like the photograph of the model, and you thought it a clumsy imitation of the 'Argersig-

ner' statue, and that you wanted us to hunt up the artist that made the 'Argersigner' model and have him make a new one." The writer then proceeds to speak of Mr. Muer's (the modeler's) ability as an artist, and of other work which he had done which had been highly commended by a person named, a student of art. The letter then states that the model in question was made by Mr. Muer, and asks, "if you were not satisfied when you were here why did you not say so," and the letter then, among other things, says: "The fact is, Mr. Gage, this figure has been on exhibition in our studio for about a month, and there have been hundreds of visitors to see it, doctors, merchants, newspaper reporters, granite contractors, and ladies from all sections of the state, and it has been the unanimous expression that it is the best that has been made in Quincy," and then follows a statement of what certain individuals, naming them, said, concluding as follows: "Mr. Bussell, one of our local artists, said, 'there can be no fault found with it.' These are but a few of the comments by disinterested parties," etc. The letter was objected to generally as incompetent on the ground that it was a statement by the witness in his own favor, and special objection was taken to the statements therein of the declarations of other persons, and to each paragraph therein. The admission of this letter was error. It was not an answer to any letter of the defendant. The issue was, whether the defendant had, in April, 1890, expressed himself satisfied with, and had accepted the model as a compliance with the contract. If the declarations in the letter to the effect that the defendant, in April, had expressed himself satisfied might be considered as a reply to the oral statement made by the defendant to the partner of the writer, that he had always been dissatisfied, the recapitulation in the letter of declarations of third persons as to the merit of the model, had no relation to anything said in that conversation. These opinions did not bear upon the issue being tried, viz., whether the defendant, in April, had declared himself satisfied, but they were calculated to prejudice the jury. The minds of the jury would naturally be

diverted from the real issue, and they might well be inclined to discredit the evidence of the defendant where so many competent judges had declared that the work was of the highest merit. They would, at least, regard the objections made by the defendant to the work as captious and unreasonable. The evidence was hearsay and inadmissible under the plain rules of evidence. By admitting the letter the plaintiff was allowed to put in evidence his own declaration of what third persons had said, and this too on a matter not material to the issue, which was as to the personal satisfaction of the defendant with the model. The letter was not competent as tending to show an acquiescence by the defendant in the opinions of third persons stated therein. He was under no obligation to deny the assertions made. One to whom a letter is written may remain silent when there is no duty to speak, and in such case silence does not operate as an admission of the matters to which the letter relates. The cases of *Learned* v. *Tillotson* (97 N. Y. 1) and *Bank, etc.,* v. *Delafield* (126 id. 418) are quite applicable here.

The error in the admission of the letter of June 6, 1890, requires a reversal of the judgment. The other exceptions need not be considered, as on a new trial the questions raised thereby may not be again presented.

Judgment reversed and a new trial ordered.

All concur.

Judgment reversed.