Per Curiam.
The order should be affirmed, with $10 costs and disbursements, upon the opinion filed below.
The action is of purely equitable cognizance, and the framing of issues therein entirely matter of discretion. The defendant is not entitled to a jury trial, either by constitutional considerations,, or those flowing from express provisions of law, and no right is violated by the denial thereof. Colie v. Tifft, 47 N. Y. 119 ; Colman v. Dixon, 50 id. 572 ; Powell v. Waldron, 89 id. 328; Wright v. Nostrand, 94 id. 31; Carroll v. Deimal, 95 id. 252 ; Acker v. Leland, 109 id. 5; 14 St. Rep. 23; Randall v. Randall, 114 N. Y. 499 ; 23 St. Rep. 845 ; Lynch v. Railroad Co., 129 N. Y. 274; 41 St. Rep. 541; Shepard v. Railroad Co., 131 N. Y. 215; 43 St. Rep. 117; Church v. Kelsey, 121 U. S. 282; Cattle Co. v. Mann. 130 id. 69; Cates v. Allen, 149 id. 451. If the action were to be ordered on the jury calendar solely because it would probably involve a conflict of evidence, it is difficult to imagine a cause which ought to be retained on the equity calendar; for, aside from the demurrers, every trial thereat involves more or less conflict. Especially is this true in suits to set aside transfers as fraudulent, elevated railway controversies, and the like. There is nothing in the present contention which necessitates 'calling in the aid of a jury, or which even suggests that a decision equally speedy and as satisfactory could not be reached without such assistance. For these reasons the defendant’s application must be denied, with $10 costs.