### HEALY v. MALCOLM.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. EVIDENCE—SELF-SERVING DECLARATIONS—ADMISSIBILITY.

  On an issue whether an alleged contract pursuant to which plaintiff's assignor hired a summer cottage from third parties for a period of five months, obligated defendant's testator to occupy the cottage during that entire period, or was merely one for board for testator and his family, which terminated on testator's death before the five months expired, a letter written by plaintiff's assignor to defendant, at her own instance, and not in answer to any communication, immediately after testator's death, reciting that "my engagement with your family was for the season, and a long one," etc., was not admissible, being a mere declaration by assignor in her own favor.

Appeal from trial term, New York county.

Action by Thomas A. Healy against Janet T. Malcolm, as executrix of James F. Malcolm, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

See 73 N. Y. Supp. 259; 78 N. Y. Supp. 315.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. W. S. Johnston, for appellant.
Philip M. Brett, for respondent.

PATTERSON, J. The plaintiff sued upon a contract alleged to have been made with James F. Malcolm, now deceased, and pursuant to which she hired certain premises at Spring Lake, N. J., for a period of five months,—from June 1 to November 1, 1900; Malcolm stipulating to pay her $100 a week for the exclusive use and possession of the premises, which consisted of a cottage and a stable, during that period of five months. The negotiations leading to the contract were had between the plaintiff's assignor and a daughter of Mr. Malcolm. He and his family took possession of the premises. He paid at the rate of $100 a week therefor until the 17th of July, 1900, when he died, and shortly afterwards his family abandoned the premises. Mr. Malcolm left a will, which was proven, and his daughter qualified as executrix. This action was brought against her in her representative capacity. The principal defense is that the contract made between the plaintiff's assignor and Mr. Malcolm was one for board for himself and family, which terminated wholly at his death. The action has been twice tried. On the first trial the plaintiff had a verdict, but on appeal to this court the

judgment entered on that verdict was reversed for an error in the admission of evidence, and a new trial was ordered. 73 N. Y. Supp. 259. On the retrial the plaintiff again recovered a verdict.

In reviewing the case on the appeal from the judgment entered upon the first trial, we were of the opinion that there was evidence to show that the arrangement made between the plaintiff's assignor and Mr. Malcolm was intended to continue until the 1st of November. An examination of the record on the second trial shows no substantial difference in the evidence on that subject. The plaintiff's assignor hired the premises in New Jersey upon the faith of the understanding she had that Mr. Malcolm and his family would occupy them and pay her $100 a week until the 1st of November. But on the second trial there was again an error committed in the admission of evidence. The plaintiff was allowed to make his case upon declarations and statements of his assignor contained in a letter written by such assignor to Mr. Malcolm's daughter on July 22, 1900. That letter contains a statement of the claim of the plaintiff's assignor, and was allowed in evidence, notwithstanding the fact that it was merely a voluntary and uninvited statement. It does not form part of the res gestæ. It was not written in answer to any communication, did not form part of any correspondence, and is merely a declaration of the plaintiff's assignor in her own favor. It contains the following statement:

"As you have transacted most of the business with me, I am addressing you on the subject of my claim against your father's estate. My engagement with your family was for the season, and a long one, as you would not agree to my taking this cottage till the landlord said we might have it through October; saying the autumn was the most pleasant time here. This long term justified me in taking such a responsibility, and now I have it on my hands."

That is substantially a condensed statement of the whole of the plaintiff's claim, and the letter was admitted as proof in the case. No answer to it was ever received. It was not competent evidence, and the failure to answer it was not an admission of the facts stated therein. Bank v. Delafield, 126 N. Y. 411, 27 N. E. 797; Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508; Thomas v. Gage, 141 N. Y. 508, 36 N. E. 385. The error in allowing this letter in evidence requires a reversal of the judgment.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.