PLATT B. VIELE, Respondent, v. HECTOR McLEAN et al., Appellants.

Evidence — admissions — self-serving declarations — when declaration by one party, in letter to another, is not admissible in evidence against the latter.

While a party may be called upon in many cases to speak where a charge is made against him, and in failing to do so may be considered as acquiescing in its correctness, his omission to answer a written allegation cannot be regarded as an admission of the correctness thereof.

A self-serving declaration by way of narrative of a past transaction sent by one party to the other to which no reply was made is not admissible in evidence on behalf of the party by whom it was made, against the party receiving it.

*Viele v. McLean,* 128 App. Div. 910, reversed.

(Argued December 1, 1910; decided December 16, 1910.)

APPEAL from a judgment entered February 1, 1909, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which affirmed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker* and *Harvey F. Remington* for appellants. Plaintiff's exhibits are self-serving declarations and are incompetent evidence. (*Bank of N. A.* v. *Delafield*, 126 N. Y. 410; *Learned* v. *Tillotson*, 97 N. Y. 1; *Talcott* v. *Harris*, 93 N. Y. 567; *Grant* v. *Pratt & Lambert*, 87 App. Div. 490; *Tooley* v. *Bacon*, 70 N. Y. 34; *Levin* v. *Russell*, 42 N. Y. 251; *Williams* v. *Sargeant*, 46 N. Y. 481; *Tozer* v. *N. Y. C. R. R. Co.*, 105 N. Y. 659; *M. Groh's Sons* v. *Groh*, 177 N. Y. 8; *Gearty* v. *Mayor*, 183 N. Y. 233.)

*Edwin A. Nash* for respondent.

CULLEN, Ch. J. This action was brought to have the plaintiff declared a partner of the defendant in the purchase of certain real estate, for the sale of such real estate and for a settlement of the partnership interests. The answer of the defendants put in issue the alleged partnership. On the trial of the action, the plaintiff was permitted, over the objection and exception of the defendants, to put in evidence the following written statement which he sent to the defendants: " On October 14, 1904, it was agreed by Mr. McLean, before three witnesses and Viele, that Viele should have one-half of the profits on the Haywood Building, in which case Viele was to make no charge for his services for purchasing, repairing or taking care of same. Interest to be figured at 5 per cent per annum. Mr. McLean was asked to give a paper to that effect and said that the witnesses understood it and it was not necessary. Present, Mr. McLean, Mrs. McLean, Miss Mary, Miss Annie and Viele. Copy given to McIntosh, Sept. 10, 1906." The evidence tended to show that the paper reached the defendant, Hector McLean, and that he made no answer to it. It would be difficult to imagine a declaration more exclusively self-serving than that contained in this statement. It was purely a narrative of a past transaction written nearly two years after the occurrence of that transaction, and was no part of a correspondence between the parties. The theory on which it was admitted in evidence seems to be that the defendant's fail-

ure, upon the receipt of the statement, to deny its truth was in the nature of an admission. It is well settled that this is an erroneous view of the law. " While a party may be called upon in many cases to speak where a charge is made against him, and in failing to do so may be considered as acquiescing in its correctness, his omission to answer a written allegation, whether by affidavits or otherwise, cannot be regarded as an admission of the correctness thereof and that it is true in all respects. Reasons may exist why he may choose and has a right to remain silent and to vindicate himself at some future period and on some more opportune occasion." (*Talcott* v. *Harris*, 93 N. Y. 567, at p. 571 ; *Learned* v. *Tillotson*, 97 N. Y. 1.) " One to whom a letter is written may remain silent when there is no duty to speak, and in such case silence does not operate as an admission of the matters to which the letter relates." (*Thomas* v. *Gage*, 141 N. Y. 506, at p. 510.)

It is not every error in the trial of a cause and especially in the trial of a cause before the court that justifies or requires a reversal of the judgment rendered thereon. The question is always as to the magnitude of the error. In this case the error in receiving the objectionable evidence was plain and its effect necessarily injurious, because its admission must have proceeded on the belief by the trial judge that the defendant's failure to answer the plaintiff's statement was an admission of its truth.

The judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.