## CURTSINGER v. McGOWN.

(Court of Civil Appeals of Texas. Ft. Worth. May 11, 1912. Rehearing Denied June 15, 1912.)

1. TRIAL (§ 333*)—VERDICT—COUNTERCLAIM.

Where the jury allowed one item of defendant's counterclaim, it sufficiently appeared that the jury considered and determined the claim in its entirety and denied the other items.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. § 333.*]

2. EVIDENCE (§ 183*)—LETTERS—SECONDARY EVIDENCE—COPIES.

Where, in an action for attorney's services, it was claimed that the writing of certain letters to third persons was a part of the services rendered for defendant, failure to produce the originals was sufficiently excused to justify the introduction of copies.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 605-637; Dec. Dig. § 183.*]

3. EVIDENCE (§ 357*)—RELEVANCY—LETTERS.

In an action for attorney's services, letters written to defendant, containing counsel and advice to her, were admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1492-1499; Dec. Dig. § 357.*]

4. EVIDENCE (§ 357*)—LETTERS—STATEMENT OF DISBURSEMENTS.

In an action for attorney's services, a letter written by plaintiff to defendant, containing a statement of money the writer claimed he had expended for defendant's benefit, and a statement of the value of his services, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1492-1499; Dec. Dig. § 357.*]

5. EVIDENCE (§ 271*)—LETTERS—SELF-SERVING DECLARATIONS—ADMISSIONS—NECESSITY OF REPLY.

Letters written by an attorney to his client after the termination of his services, making claims against her for services and disbursements, if unreplied to, were not an admission of their contents, and, being self-serving declarations, were inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068-1079, 1081-1104; Dec. Dig. § 271.*]

6. TRIAL (§ 307*)—DOCUMENTARY EVIDENCE— TAKING TO JURY ROOM.

Under the express provisions of Sayles' Ann. Civ. St. 1897, art. 1303, it was proper for the court to permit the jury to take with them on retiring such copies of letters as had been properly introduced in evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732-737; Dec. Dig. § 307.*]

Appeal from Denton County Court; T. G. Milliken, Special Judge.

Action by George Q. McGown against Cordelia Curtsinger. Judgment for plaintiff, and defendant appeals. Reversed on rehearing.

Geo. Hopkins, of Denton, for appellant. S. M. Bradley, of Denton, and T. A. Altman, of Ft. Worth, for appellee.

DUNKLIN, J. George Q. McGown instituted this suit in the justice's court against Mrs. Cordelia Curtsinger for an amount claimed for services rendered as an attorney. Mrs. Curtsinger filed a counterclaim against plaintiff for $50 already collected from her by plaintiff, alleged to have been paid without any consideration therefor, and also for damages predicated upon allegations that plaintiff had instituted a suit in the name of Mrs. Curtsinger, without her authority, in the district court of Denton county, against John L. Curtsinger, the costs of which she had been compelled to pay, and by reason of which she had suffered humiliation. On appeal to the county court, the jury impaneled to try the case returned a verdict, reading: "We, the jurors, find in favor of plaintiff, one hundred ($100), less $50 paid March 31, 1909, by the defendant." From a judgment in favor of plaintiff for $50, and denying a recovery on the counterclaim, the defendant has appealed.

[1] As the jury allowed one item of defendant's counterclaim, we think it sufficiently appears that they considered and determined the claim in its entirety and denied all other items. Hence appellant's suggestion that the verdict did not dispose of the counterclaim, and that the judgment denying the counterclaim was unauthorized, is overruled. The testimony made the basis of the first assignment of error was properly admitted to explain how negotiations between the parties originated.

[2] By several assignments of error, complaint is made of the admission in evidence of copies of letters written by plaintiff. We think the objection urged, that nonproduction of the originals had not been sufficiently excused to justify use of copies in their stead, was without merit. According to appellee's testimony, the writing of the letters to J. H. Curtsinger, Judge Lee Zumwalt, and Owsley & Sullivan constituted a part of the services rendered for appellant; hence these letters were properly admitted.

[3, 4] The letters written to appellant and referred to in the second assignment were likewise properly admitted, as the same con-

sisted of advice and counsel to appellant, except the latter portion of the letter to appellant, dated May 7, 1909, and containing a statement of money the writer claimed he had expended for appellant's benefit and his statement of the value of his services.

[5] The statement just mentioned, and all the letters written by appellee to appellant after the termination of his services for her, and mentioned in the third assignment of error, were improperly admitted, because they were mere self-serving declarations by appellee, and were not of such character as reasonably to impose upon appellant the duty to reply thereto and refute the claims made therein. Viele v. McLean, 200 N. Y. 260, 93 N. E. 468; Thomas v. Gage, 141 N. Y. 506, 36 N. E. 385; Bank of British North America v. Delafield, 126 N. Y. 410, 27 N. E. 797; Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508; 2 Wig. on Ev. § 1073. The failure to reply to a written communication has not the same significance as an admission as a failure to reply to an oral communication. Thus, in Viele v. McLean, supra, the following is quoted with approval from Talcott v. Harris, 93 N. Y. 567: "While a party may be called upon in many cases to speak where a charge is made against him, and in failing to do so may be considered as acquiescing in its correctness, his omission to answer a written allegation, whether by affidavits or otherwise, cannot be regarded as an admission of the correctness thereof, and that it is true in all respects. Reasons may exist why he may choose and has a right to remain silent, and to vindicate himself at some future period and on some more opportune occasion."

Applying the rule applicable in cases of oral communications, we held, in Reid Auto Co. v. Gorsczya, 144 S. W. 688, that in a conversation between the plaintiff and the president of the auto company, after the accident resulting in plaintiff's injury, the failure of the president to deny the authority of the driver of the machine to operate it at the time he injured the plaintiff was admissible in evidence against the company. On a form-

er hearing of this appeal, in determining the assignments now under discussion, we applied the same rule as in the case last cited, and held that the letters written by appellee, last mentioned, in connection with the appellant's failure to reply thereto, were properly admitted in evidence as tending to show an admission by appellant that she had employed appellee to perform the services for which suit was instituted, which was a disputed issue in the case. But, for the reasons already stated, we are now convinced that the ruling was erroneous, and that the error of the trial court in admitting these letters requires a reversal of the judgment.

[6] There was no error in permitting the jury to take with them in their retirement such copies of letters as were properly admitted in evidence, since article 1303, Sayles' Civil Statutes, expressly permits such a proceeding.

The testimony mentioned in the fifth and sixth assignments consisted of ex parte statements made by appellant in the absence of appellee, self-serving in their effect, and were properly excluded.

Appellee's pleadings, which were oral and not required to be in writing, were sufficient to embrace the issue presented in that portion of the court's charge which is made the basis of the seventh assignment of error.

We do not think the letter written by appellee and introduced by appellant, referred to in the eighth assignment, can be construed as an admission by appellee that he was not entitled to recover for the services in controversy; hence the limitation placed by the court in his charge upon the purposes for which all letters could be considered could not have operated to appellant's injury with respect to that letter, as contended by appellant.

Appellant's motion for rehearing is granted, our former decision, affirming the judgment of the trial court, is set aside, the conclusions originally filed are withdrawn, and the judgment of the trial court is reversed, and the cause remanded for another trial.