EDWARD L. STEEN, Respondent, v. ROBERT BURLESON, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The court erred reversibly in permitting Murphy and Thomas to testify that the defendant

did not tell them that he had waved his red lantern. This evidence was received over defendant's objection on the theory that it was competent due to some statement made by defendant's counsel in his opening to the jury. What the statement was does not appear. No one had asked the defendant what efforts he had made to warn the plaintiffs. The vice of receiving this testimony lay in the fact that it tended to discredit the defendant's testimony to the effect that he had waved the red lantern and especially was it damaging since the damaged red lantern was later received in evidence. The effect of this testimony was to put the defendant in the position of having recently fabricated the story about the red light. It also may well have led the jury to believe that there was a duty on the part of the defendant to tell Thomas and Murphy that he had waved the red lantern. Had he told Thomas and Murphy that he had waved a red light, that would not have established that he had waved it since it would have been a mere self-serving declaration and he could not have testified on the trial that he had told them such fact. (*Viele* v. *McLean*, 200 N. Y. 260.) The defendant took no exception to the rulings but he made specific objections to the competency of the evidence and this is all that is required. (Civ. Prac. Act, § 445.) We could reverse in the interests of justice had an exception been necessary. (Civ. Prac. Act, § 583, subd. 2.) The verdicts are against the weight of the evidence. Mrs. Steen's verdict is excessive and should be set aside for that reason alone. All concur, except Harris, J., who dissents and votes for affirmance, in the following memorandum: I think the verdict was with the weight of evidence. The jury could well find either (a) the defendant did not wave the torch, or (b) that he could have made good use of his flares at a time earlier than he did. The evidence supports the amount of damages and the findings on negligence and contributory negligence. The testimony of Thomas and Murphy evidently was called out by an opening not in the record and to which no exception was taken when it was made. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.