### GRIDLEY vs. DOLE.

One of two partners, after dissolution, advances money to the other and takes his promissory note therefor. In an action upon the note, evidence of a contemporaneous verbal agreement that the note should be paid out of the effects of the firm, and if such effects were not sufficient, then that the lender should pay three-fourths and the maker one-fourth of the balance, is inadmissible.

Nor is it any defence to such a note, that the money advanced was to be applied, and was applied by the maker, to pay the debts of the late partnership, the assets of the firm being in the hands and under the control of the partner receiving the money.

If a partner pays demands against the firm, he can not maintain an action at law against his copartners to recover back the whole or any part of the money. His

Gridley *v.* Dole.

action in such a case being on an implied promise, would require an account to be taken in order to ascertain whether he had paid more than his proportion.

But being under no obligation to advance money to his former partner, he has [487] a right, if he does so advance it, to exact and enforce a security taken therefor.

If one partner gives to the other his individual note or acceptance for value received on the partnership account, an action will lie on the note or bill.

THIS action was brought in the supreme court, by Gridley against Benjamin Dole as the indorser of a promissory note as follows :

"$1500.                              Clinton, June 28, 1847. ,

Three months after date I promise to pay to the order of Benjamin Dole fifteen hundred dollars, value received the Kirkland Bank.                              T. D. DOLE."

(Indorsed) "BENJAMIN DOLE."

In the declaration the plaintiff was named as president of the Kirkland Bank; but the promises were laid to the plaintiff and not the bank. After issue, the cause was referred to a single referee, who reported in favor of the plaintiff for the amount of the note. His decision was affirmed by the supreme court, in the fifth district, and judgment was rendered accordingly. The defendant appealed to this court. The record of judgment contained the following statement of facts :

T. D. Dole, the maker of the note in suit, on the day of its date, applied to the plaintiff, the president of the Kirkland Bank, at the bank, for the discount of two notes of $1500 each, which he presented to the plaintiff, and which were made by himself and indorsed by the defendant, the note in question being one of them. The defendant had indorsed the notes in blank and T. D. Dole, to whom he had delivered them, filled them up, before offering them for discount. The plaintiff discounted them and paid the proceeds to T. D. Dole. One of the notes was payable in three months, the other in two. When the last mentioned note became due, T. D. Dole sent to the plaintiff $1000 and a note for $500, with the same maker and indorser, to renew it for $500, which was done. The defendant was duly charged as indorser.

The foregoing was the case on the part of the plaintiff. It

was further shown that the plaintiff and T. D. Dole had been partners in a business carried on at Buffalo, and that they dis- [488] solved their copartnership on the 1st day of February preceding the date of the notes. A new firm was formed consisting of said T. D. Dole, W. A. Fox and E. K. Bruce. The members of the new firm paid to Mr. Gridley, the plaintiff, an amount which was considered as the value of his interest in the assets of the former firm over and above its debts, and those assets were turned over to the new firm. The new firm was to collect the debts due to the former firm, and pay its liabilities, which were then thought to be $8,482,72, but were subsequently ascertained to be larger by $1800 or $2000. The new firm was not to guaranty the demands of the old firm turned over to them, but were to use " due diligence and legal means" to collect them. At the time of the discount of the notes above mentioned, the creditors of the old firm were pressing for payment, and there had not then been sufficient realized to pay them ; and the motive of raising the money at the bank was to provide for those old debts. Dole and Gridley both thought that $3000 was necessary to be raised for the purpose mentioned.

The defendant offered to show that T. D. Dole, when he obtained the discount, agreed to pay the notes out of the assets of the former copartnership, and that, in case they were not sufficient, then that Gridley was to pay three-fourths of the deficiency ; but the evidence was rejected. T. D. Dole applied about $2000 of the money thus raised to the payment of debts of the old firm. Where the *language* of the statement of facts. is material, it will be found in the opinion of the court.

*N. Hill, Jr.* for appellant. I. The suit is brought by Albert G. Gridley in his own right. Although the suit may have been intended to be that of the Kirkland Bank, yet by the pleading it is the suit of Gridley himself. (22 *Wend.* 9 ; 24 *id.* 345 ; 25 *id.* 612, 613.) The court below so decided. The case as stated in this record, makes Gridley the plaintiff, not the Kirkland Bank ; and this relieves the appellant of the greatest difficulty that embarrassed his defence. The referee ruled against the

defence, because the Kirkland Bank was the plaintiff, and a bona fide holder for value. The supreme court determined the suit to be Gridley's, in his own right, and yet ruled that [489] he could recover the amount of the defendant, as money paid to his use.

II. On the 1st day of February, 1847, the firm of Gridley, Dole & Co. was dissolved; but for the purpose of settling up its affairs and paying its debts, it had a limited continuance until a final settlement or balance struck. (3 *Kent's Com.* 57, 62; *Story on Part.* § 324; 6 *Cowen,* 441.) Independent of what arises from the partnership relation between them, it is not contended that Gridley might not recover this money from *Thomas D. Dole,* the maker, or Benjamin Dole, the accommodation indorser. But we insist that the note was made use of by the partners, Thomas D. Dole and Gridley, the plaintiff, to raise money for their mutual benefit—to pay their partnership debts outstanding. It was never intended to be delivered to Gridley, and never was, as his own, but only wherewith to raise money. They both together looked over their affairs, and concluded upon the necessity of raising the money, and the sum to be raised. Now, he sues *in his own right,* either having taken the notes up at the bank, or having originally discounted them himself; whichever way this was done, he must now, as he does, sue for an advance made to pay the joint indebtedness of both as partners.

III. The plaintiff, Gridley, can not sue his partner, T. D. Dole, for money advanced by himself to pay their joint debts, before a final settlement and balance struck. (*Story on Part.* § 221, *and cases cited; Casey* v. *Brush,* 2 *Caines,* 293; *Halstead* v. *Schmelzel,* 17 *John.* 80; *Westerloo* v. *Easton,* 1 *Wend.* 532; *Townsend* v. *Goewey,* 19 *id.* 424; *Murray* v. *Bogert,* 14 *John.* 318; *Atwater* v. *Fowler,* 1 *Hall,* 180.)

IV. Whether Benjamin Dole be regarded as the surety of T. D. Dole, or lending his name for the use of both, the plaintiff can not sue him unless he might sue T. D. Dole, the maker. Should the defendant be compelled to pay, he could either. sue the partners for the money again, or sue T. D. Dole, who could sue the plaintiff for such part as he ought to pay, either at law

or equity. The defendant ought not to be compelled to pay what in either case the plaintiff can not recover of T. D. Dole.

V. The proof offered, both that the plaintiff agreed the money [490] should be repaid out of the partnership assets, and that if the assets did not, he, the plaintiff, should pay three-fourths, and T. D. Dole one-fourth of the balance, was proper. It tended to show that the note in suit was used to raise money for the benefit of both, to be repaid by both according to their *copartnership* interest. It does not contradict the terms of the note, but admitting these, it showed how and for whose use the moneys were raised upon it.

*H. Denio,* for respondent. I. The suit was *prima facie* the suit of the bank, and not of the plaintiff individually. He sued in his official character, which showed that the design was to enforce a demand of the corporation, and not his private demand. No objection having been made to the form of the declaration on the trial, it ought now to be taken for what it professed to be, a suit by the bank.

II. But if the suit is considered the suit of Albert G. Gridley, as an individual, the fact remains that the note was made to the bank, and that the bank was the first holder. The plaintiff, if he owns the note, is to be taken to have derived his title by transfer from the bank. The utmost then that can be said is, that he took it with a knowledge of the facts attending its inception. He still has all the rights that the bank had, and can recover if the bank could have recovered; (*The Watervliet Bank* v. *White,* 1 *Denio,* 613; *Williams* v. *Mathews,* 3 *Cowen,* 260; *Chalmers* v. *Lanion,* 1 *Campb.* 383;) and it is evident that the bank could not have been affected by the transactions between its president and the parties to the note.

III. But the holder of a note may sue upon it in the name of any other individual. When discounted, this was the note of the bank, and there is no evidence that it has been transferred to Mr. Gridley. The present suit, therefore, if it be deemed an action in Mr. Gridley's individual name, should be considered as brought by the bank in Mr. Gridley's name. In this view

of the case the transactions between Gridley and T. D. Dole would be irrelevant.

IV. But let it be considered that the note was discounted by Gridley, and the proceeds paid out of his private means, [491] still it was incompetent to the defendant to prove, as he offered to do, that the contract was different from what the note imported. (*Cases in Cowen & Hill's Notes, p.* 1460; *Eaves* v. *Henderson,* 17 *Wend.* 190; *Mease* v. *Mease, Cowp.* 47; *Thompson* v. *Ketchum,* 8 *John.* 190; *Wells* v. *Baldwin,* 18 *id.* 45; *Jackson* v. *Jackson,* 5 *Cowen,* 173; *Patchen* v. *Pierce,* 12 *Wend.* 61; *Meads* v. *Lansing, Hopk.* 124.)

VI. The partnership dealings between the plaintiff and T. D. Dole, were foreign to the merits of the case and did not furnish any defence. Those dealings can only be adjusted by a suit in equity. (*Rogers* v. *Rogers,* 1 *Hall's R.* 391.)

GARDINER, J. The following facts, among others, are stated in the record as the result of the evidence. "The plaintiff let Thomas D. Dole have three thousand dollars, less the discount, upon two printed notes of fifteen hundred dollars each, signed by said Dole as maker, and indorsed by the defendant Benjamin Dole, payable at the Kirkland Bank; one in two, the other in three months. The notes were presented for the purpose of procuring the discount."

This is, in effect, finding that the plaintiff lent or advanced three thousand dollars to the maker, and received the notes as evidence of the loan, and as security for its repayment. If this is a correct view of the facts presented by the record, the offer made at the trial by the defendant to prove, first: "That the plaintiff, at the time of the discount, agreed that the notes should be repaid out of the *effects* of the copartnership;" and secondly: "That if the assets of the copartnership did not pay them, then that the plaintiff would pay three-fourths of the balance, and the maker one-fourth," were properly rejected. The written undertaking of the maker was to pay the full amount of the notes absolutely. The offers were to show him contingently liable for one-quarter only, by proof of an arrange-

ment contemporaneous with the execution and delivery of the notes. This was not merely a contradiction of the only written contract between the parties, but the substitution by parol evidence of a distinct and independent agreement. (*Bank of U. S.* v. *Dana*, 6 *Peters*, 59; 17 *Wend.* 190; *Cowen & Hill's Notes*, 1460.)

The case then is briefly this : The plaintiff upon the application of T. D. Dole, his former partner, advanced to him three thousand dollars, with the understanding, that it was to be applied upon debts, for which they were jointly liable ; upon the express written agreement of the latter, and the defendant as his surety, that the money should be repaid, one-half in two, and the residue in three months ; the assets of the old firm, the primary fund for the payment of its liabilities, being in the hands and under the control of the co-partner receiving the money. The contract was valid, and an action may be sustained upon it. It is true, if the plaintiff had paid demands against the firm, of which he and the maker of the note were members, he could not have recovered at law against his co-partner, for he must then sue upon an implied promise, and until an account of the copartnership was taken, it could not be ascertained whether the plaintiff had or had not paid more than his proportion. (*Colyer, Perkins' ed.* § 264; 19 *Wend.* 424.) But the plaintiff, although liable to the creditors of the firm, was under no legal or moral obligation to advance money to his former partner. He owed him nothing. He had therefore a right to prescribe the conditions upon which he would part with the money, and to exact and enforce the securities given as the means of obtaining it. The authorities are full to this point. If one partner gives the other his promissory note, or separate acceptance for value received, on the partnership account, an action will lie on such note or bill. (*Colyer, supra,* § 269 ; 1 *Anstr.* 50.) In *Van Ness* v. *Forest,* (8 *Cranch,* 30,) it was held that a promissory note, given by one partner to another for the use of the copartnership, will maintain an action in the name of the promisee against the maker, notwithstanding the connec-

tion, and *that the money when recovered* would belong to the co-partnership.

Here, however, the money placed in the hands of T. D. Dole was the money of the plaintiff, and when collected would belong to him.    It is said that the old firm were indebted eighteen [493] hundred or two thousand dollars, more than their estimated liabilities in February, 1849.    But when this was ascertained is not stated ; nor does it appear that it was communicated to, or known by the plaintiff, prior to the making and delivery of the notes.

It is not the business of this court to draw conclusions of fact from evidence.    The report is in the nature of a special verdict. (24 *Wend.* 19.)    I do not perceive that if the plaintiff was fully apprized of the condition of the former copartnership, that it could have any influence upon our decision.    But it is enough that no such fact is found, and we cannot assume its existence. I think that the judgment of the supreme court should be affirmed.

Judgment affirmed.