Crater *v.* Bininger.

———•••———

CRATER *vs.* BININGER.

Where a note, made by one member of a joint stock association and indorsed by another for the purpose of raising money for the use of the association, is paid and taken up by a third, the latter cannot maintain an action against the maker and first indorser, to recover back the money advanced by him, until an account has been taken between the parties.

THIS action is brought upon a promissory note for $1100, made by the defendant, dated November 17, 1865, payable four months from date, to the order of one W. P. Sanger, and alleged to have been indorsed by him for value to the plaintiff. The amount claimed to be due upon the note was $735.39, and interest from March 20, 1866.

The plaintiff and defendant, with six other persons, formed a joint stock association (unincorporated) under

the name of "The Oil Creek Island Petroleum Company," for the purpose of boring for oil in Venango county, Pa. The company became indebted to J. J. Sutter and another person in the sum of $1067.71, for labor and materials in putting down a well, and were pressed for payment. They held notes due by other parties, to whom the company had sold property to the amount of $11,000, but these had some time yet to run, and Sutter refused to wait. The note in suit was thereupon made by the defendant Bininger and indorsed by one Sanger and the plaintiff, each of whom were trustees of the company, and the latter its treasurer, with the intent and for the purpose of raising the money upon it to pay off this indebtedness, and for no other purpose. It was drawn for the amount of the indebtedness, and so timed as to fall due a few days after the larger notes of $11,000 were to mature, with the intention that it should be paid from the proceeds of such larger notes, but there was an "understanding" that the three parties would take care of the note in any event. Crater, the plaintiff, procured the note to be discounted by a bank in Newark, N. J., of which he was teller, and the proceeds being remitted to Bininger, and by him handed to Sanger, were wholly applied by the latter to the payment of this indebtedness, and to no other purpose.

When the note matured, Crater, the plaintiff, without being requested so to do by any party, took up the note from the bank, and the same day Bininger, the defendant, paid him one third of the amount thereof, $366.33, and the plaintiff brought this action against Bininger alone, to recover the whole amount of the balance.

The action was tried at special term before a justice of this court and a jury. At the close of the evidence the court held that there was no question of fact to be submitted to the jury; that the case presented only a question of law, and this the court reserved for advisement and discharged the jury; and subsequently the court gave judg-

ment for the plaintiff for $733.67, and interest from the 20th day of March, 1866.

The defendant excepted to the decision and finding of the court:

1st. That the note in question was indorsed by the defendant and Sanger, and delivered by him and Sanger to the plaintiff for value.

2d. That the plaintiff is the lawful owner and holder of the note as against the defendant.

3d. That any indebtedness whatever existed at any time from the defendant to the plaintiff.

4th. That any liability arose from the defendant to the plaintiff by reason of the giving of the note in suit, or by reason of any of the matters contained in the evidence.

5th. To each finding and conclusion of law upon the evidence, on the trial.

*A. P. Whitehead*, for the plaintiff. I. The court properly refused to consider testimony of an alleged oral agreement, contemporaneous with the making of the note, by which its terms would be varied. It is a firmly settled principle that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to or subtract from the absolute terms of the written contract. (*Chitty on Bills*, 47. *Hoare* v. *Graham*, 3 *Camp.* 57. *Rutland's case*, 5 *Rep.* 25. 2 *Parsons on Bills and Notes*, 501. *Sice* v. *Cunningham*, 1 *Cowen*, 397. *Babson* v. *Webber*, 9 *Pick.* 163. *Eaves* v. *Henderson*, 17 *Wend.* 190. *Ely* v. *Kilborn*, 5 *Denio*, 514. *Gridley* v. *Dole*, 4 *Comst.* 486.)

II. The only exceptions to the foregoing rule are cases of fraud, mistake, or want of consideration. No question of fraud or mistake is raised, and the testimony shows a good consideration for the note. Assume that the sum of $1100, for which it was given, was made up of a bill of

John J. Sutter against the defendant and Sanger and others composing the oil association, a bill of Lock, Hamilton & Co., and a bill against the defendant and Sanger (the payee) alone. The defendant having given his note to raise money to pay this debt, and obtained the money from the plaintiff and paid it out, has received a good consideration, even if no part of the $1100 had been his private debt. The plaintiff was under no legal or moral obligation to the defendant to advance money. He, owed him nothing. And if he advanced the money to pay this debt, he had the right to prescribe the conditions upon which he would part with the money, and to exact the security as the means of obtaining it, to wit, the defendant's note. The defendant on an accounting, aside from this note, for all that appears, would owe the plaintiff moneys. If it be admitted that the plaintiff was liable to pay part of the $1100, the case of *Gridley* v. *Dole* is identical in principle with this case and overrules the defense. (*Van Ness* v. *Forrest,* 8 *Cranch,* 30. *Gridley* v. *Dole,* 4 *Comst.* 486–492.)

*S. E. Church,* for the defendant. I. A joint stock association, unincorporated, is a simple copartnership, and its members have the general rights and liabilities of copartners. (19 *Wend.* 424. 5 *Hill,* 478. 18 *Barb.* 564. 19 *id.* 517.)

II. This action is between the original parties to the note. There are no rights of *bona fide* holders intervening, and it is therefore open to a full inquiry into the consideration and the equities existing between them. (*Story on Bills,* § 187. 3 *Kent's Com.* 80. 4 *John.* 296. 17 *id.* 301. 19 *id.* 53. 7 *Cowen,* 322. 9 *Wend.* 273. 13 *id.* 605. 2 *Hall,* 459.)

III. The note being given for a common benefit, had no legal inception until it was discounted by the Newark Bank. (20 *John.* 288. 27 *Barb.* 576.) The bank might

have recovered upon it as a *bona fide* holder without no-tice; but when the plaintiff took it up, he did so with all the knowledge he had before, and with full knowledge both of the purpose for which it was made, and the use to which its proceeds had been applied. He did not acquire the rights of the bank, because he was himself an original debtor. In his letter he says: "Enclosed please find my check on Second National Bank, Newark, for $1073.50, being the proceeds of note for $1100, for the *benefit of the Oil Creek Island Petroleum Company, which will enable you to pay the bill of J. J. Sutter,*" &c.

IV. The debt to which the money was applied was a partnership debt, which all the partners, the plaintiff included, were equally liable to pay. The note was a mere device for their accommodation, to raise money immediately, it being contemplated that assets to be received belonging to the company would provide for its payment. There was nothing in the relation of the parties either to the debt or to the company, or to each other, that required that these three persons should be the ones to make the note, or that their names should stand upon it in the order of maker and indorsers, as they did. The selection of persons, and the order of their names, was purely the accident or convenience of the arrangement, and was for the equal benefit of all concerned.

As between the parties; therefore, the law looking to the substance of the transaction, and not its form, will regard their real relations, and treat them as equal and common debtors, without any superiority of right or equity whatever, as against each other, but as joint makers of the note.

V. The foundation of all obligations in respect to contracts is the consideration. It is utterly fallacious to say that any consideration whatever has either been paid by the plaintiff Crater, or received by the defendant Bininger, on account of this note. And it is upon this fallacy

that the plaintiff's whole claim, and, with submission, the decision in the court below, rests. Bininger has not received a dollar, nor was it intended that he should, on account of this note. He did, indeed, receive the check for its proceeds on being discounted, but not for his own use, but simply as a messenger or agent to hand it over to the creditors of the company, which he did. Had he attempted to use the money himself, he might have been enjoined; had he succeeded in using it, he would have been liable for a conversion. It is simply absurd, therefore, to call this a payment to Bininger, or a consideration upon which to found an obligation by him. When Crater, the plaintiff, took up the note, he advanced so much money, not to Bininger, but to the company, and not on the credit of the note, for it was his own note as well as Bininger's, (and the note of neither as between themselves,) but on the credit of the company and for their benefit, for he could advance it on no other.

VI. The note, then, as between the parties, has no existence whatever, except as a mere memorandum, and the position of the parties is simply that of partners who have advanced moneys to the credit and for the benefit of the firm. And in such case the law is well settled, that a partner who advances money for the firm, or overpays his share of the liabilities of the firm, cannot sue his copartners to recover their shares until after an accounting and balance struck. (*Coll. on Part.* §§ 264, 289. *Story's Eq. Jur.* §§ 679, 682. *Story on Part.* §§ 219, 222. *Pars. on Part.* 268, *note c.* 31 *How.* 235. 25 *Barb.* 130. 4 *Comst.* 486. 1 *Wend.* 532. 43 *Barb.* 285. 2 *Caines,* 293. *Pars. on Con.* 139. 2 *Durn. & East.* 483. 1 *Wend.* 532. 19 *Barb.* 197. 1 *Hall,* 180, 391. 19 *Wend.* 424. 36 *Barb.* 284. 5 *Cowen,* 688. 1 *Barn. & Cres.* 76. 4 *Mont. & Ch.* 171, 172. 14 *John.* 318. 17 *id.* 80. 6 *Barb.* 537.) In *Sherwood* v. *Barton,* (36 *Barb.* 284,) a note was given by two partners to a third, for moneys borrowed on account

of the firm; the note was sued by an indorsee, who was allowed to recover, though he took it after maturity, on the ground (there being no attempted set-off) that the defendants were estopped as to third persons from denying that the note was given for some independent consideration. But the court (Ingraham J.) held that "if the partner had sued on the note he could not have maintained the action, but must have resorted to equity for relief." To the same effect, also, is *Traders' Bank of Rochester* v. *Bradner*, (43 *Barb.* 379,) the court saying "a partner cannot sue his associates on a note or bill given by the firm, but must resort to equity;". citing 1 *Story's Eq. Jur.* §§ 679, 682; 5 *Cowen*, 688. *Collyer* states the whole law upon the subject, and the principle upon which it rests, in a few words, viz: "When money is due from one partner to another by simple contract, on the partnership account, payment, except in a few special cases, can only be enforced by application to a court of equity upon a bill filed for an account. Courts of law will not entertain suits of this nature, because it would be useless for one partner to recover what, upon taking a general account amongst all the partners, he might be liable to refund." (§ 264.) The exceptional cases stated are none of them at all like the case at bar. They were either where the claim arose upon matters before the partnership, as on an agreement to furnish capital, (13 *East*, 7,) or where the subject matter was detached from the partnership account, as where one partner, having possession of the funds, agreed to indemnify another for his individual acceptance on the partnership account, (3 *Bing.* 54, *but overruled in* 1 *Starkie*, 78;) or where a balance was found due one of the partners, accompanied with a promise to pay, (1 *Anstr.* 50;) or when a note was given by one partner for value received, though connected with the partnership accounts, (*Id.*,) which were the cases of *Gridley* v. *Dole*, (4 *Comst.* 486,) and *Van Ness* v. *Forrest*, (8 *Cranch*, 30.) But it is added, "that

in no case can money be so recovered which, when the cause of action accrued, might be placed as an item in the partnership account." In the case at bar, aside from the mere form of the note, which, as the action is between the original parties, must give way to an inquiry into the actual transaction itself. There was no lending of money by one partner to another, no promise by one partner to another, no consideration of any kind moving from one party to another, and no equity or right in favor of one against another, which lays any foundation for such an action, or brings it within any of the exceptions stated by *Collyer* to the general rule as laid down by him. If either partner should recover the whole money, he would be liable to pay back again his share of the common debt, upon a bill filed by the party who had to pay it; and this shows the case to be precisely within the reason of the law as stated by *Collyer*, and which is supported by all the authorities. *Gridley* v. *Dole*, (4 *Comst.* 486,) so much relied upon by the plaintiff, furnishes no aid to the plaintiff, and is a direct authority for the defendant. Gridley & Dole were partners, and had dissolved. Dole took the assets, and "was to pay off the liabilities." He borrowed of Gridley $1500 for that purpose, giving his note, with Dole his brother as indorser. The suit was brought after dissolution, against the indorser, who was never a partner. The plaintiff was allowed to recover, the court saying, "the plaintiff, although liable to the creditors of the firm, was under no legal or moral obligation to advance money to his former partner. He owed him nothing. He had therefore a right to prescribe the conditions upon which he would part with the money, and to exact and enforce the securities given to enforce it." But the court expressly recognized the rule, that "if a partner has paid demands against the firm of which he and the maker of the note were members, he could not have recovered, by law, against his copartner,

for he must then sue upon an implied promise, and until an account of the copartnership was taken, it could not be ascertained whether the plaintiff had or had not paid more than his proportion." (*Per Gardiner, J., citing Coll.* § 264; 19 *Wend.* 424.) In *Van Ness* v. *Forrest,* (8 *Cranch,* 30,) a commercial company, consisting of several hundred members, sold merchandise to the defendant, taking his note for the amount, payable to the president of the company. The defendant was also a member of the commercial company, but he bought the goods solely on his own account. The court held that the case did not come at all within the principle that a partner cannot sue his copartner, but was an independent transaction and liability. The court recognized fully the rule, "that at law a partner cannot sue his copartner on a claim growing out of the copartnership, until after a general balance struck on a stated account." There are no conflicting authorities on this subject. The defendant is not liable on this note, because, as between the parties, he is no more the maker of the note than the plaintiff, and because no consideration whatever has moved from the plaintiff to him. If he is liable at all, it is for contribution of his share of the money paid by the plaintiff to the bank, and this contribution he has already made, having paid his full share and more. And if he had not, the plaintiff's advancement was not for the defendant, but for the company, and the authorities are uniform that in such case the plaintiff's only remedy is by a bill filed in equity to account. (*See cases supra.*) *Collyer* closes his chapter on this subject by saying, "From all that precedes, it is evident that when one partner has a claim against his copartner for a sum of money due on account of the copartnership, but not constituting the balance of a separate account, or a general balance of all accounts, his only mode of recovering the amount is by bill filed in equity, praying for an account, and usually, also, for a dissolution." (§ 289.)

Hawk *v.* Thorn.

There is no legal foundation for the judgment in this case, and it should be reversed.

CARDOZO, J.    This case cannot be distinguished in principle from *Gridley* v. *Dole*, (4 *Comst.* 486,) and therefore the judgment below was right, and should be affirmed, with costs.

CLERKE, P. J.    Until *Gridley* v. *Dole* (4 *N. Y. Rep.* 486) be overruled, judgment must be given for plaintiffs in cases similar to this.   I concur.

GEO. G. BARNARD, J., also concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard*, Justices.]