(8 Misc. Rep. 219.)

WALDHEIM v. SONNENSTRAHL.

(Common Pleas of New York City and County, General Term.    May 7, 1894.)

1. GUARANTY—ACTION ON.
    To maintain an action on a guaranty, the plaintiff must prove performance of a stipulated condition of the guarantor's liability.

2. SAME—PERFORMANCE OF CONDITIONS—WAIVER.
    A waiver of performance of such condition is avoided by the misrepresentation of the party claiming the benefit of the waiver.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Phillip Waldheim against Abraham Sonnenstrahl on a guaranty. From a judgment of the city court (27 N. Y. Supp. 1133) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hays & Greenbaum, for appellant.
Simpson & Werner, for respondent.

PRYOR, J.    The judgment on appeal is vitiated, certainly, by one fatal error.    The action being upon a guaranty, plaintiff was under obligation to show performance of any condition of defend-

ant's liability, and this though the condition were of no apparent benefit to the guarantor. Barns v. Barrow, 61 N. Y. 39, 42. It was an express term of the contract that the defendant was to be notified "by postal card, if the said Ginns [the principal debtor] does not pay $5 each week." We agree with the general term below that the "testimony certainly shows that the plaintiff failed to comply with this covenant in the guaranty;" but we are unable to assent to the position on which the court bases its decision against the defendant, namely, "that he waived that provision." The admission of liability and the payment by the defendant proceeded on the assurance of plaintiff that the principal debtor had made no default in the weekly installments, and surely authority is not needed for the proposition that a waiver is avoided by the misrepresentation of the party claiming the benefit of it. Bish. Cont. § 799. For defect of proof that the plaintiff had notified defendant of the debtor's default, pursuant to the condition of the guaranty, the complaint should have been dismissed, in conformity with the appellant's motion. The same result was equally inevitable if we regard the action as upon an account stated, for the misrepresentation of the plaintiff was as effectual in avoiding the alleged adjustment of the account as the waiver.

As to the exceptions to evidence—first, the receipts by the debtor, in connection with the other facts, were competent and sufficient evidence of the delivery of the goods; and, secondly, the letters from the plaintiff to defendant, being rather in the nature of a demand for the debt than an ex parte version of the transaction by plaintiff, are hardly within the principle of Learned v. Tillotson, 97 N. Y. 1, and Bank v. Delafield, 126 N. Y. 410, 27 N. E. 797. Judgment reversed, and new trial ordered; costs to abide event. All concur.