## GREENBERG v. EISENBERG.

(Supreme Court, Appellate Term, First Department.   June 28, 1915.)

1. ACCORD AND SATISFACTION ⊙⟿10—CHECK MARKED IN FULL—DISPUTE AS TO AMOUNT—NECESSITY.

The acceptance of a check, marked "In full," cannot operate as an accord and satisfaction of a claim, unless there is a dispute as to the amount due.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–74; Dec. Dig. ⊙⟿10.]

2. PAYMENT ⊙⟿73—SUFFICIENCY OF EVIDENCE.

In an action for the reasonable value of goods sold and delivered, evidence *held* insufficient to show payment by check.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. ⊙⟿73.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Dave Greenberg against Israel H. Eisenberg.   Judgment for plaintiff, and he appeals.   Reversed, and new trial granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Israel Siegel, of New York City, for appellant.

Abraham Goldfarb, of New York City, for respondent.

BIJUR, J.   Plaintiff sued for the unpaid balance ($66.51) of the reasonable value of goods sold to defendant from September, 1913, to February, 1914, amounting to $89.01.   The value and delivery having been conceded, defendant took the affirmative on the defense of payment.

[1, 2] On this defense the only evidence submitted was a check dated May 9, 1914, made by defendant to the order of plaintiff for $25, on which defendant had written "In full to date," and plaintiff's brother and partner had, after he received it, written after the word "date," "August 1, 1913."   Of course, the payment of the smaller amount for the larger sum due would not be an accord and satisfaction, in the absence of a dispute; and not only is there no evidence of dispute, but accord and satisfaction was not pleaded, nor is it now claimed on this appeal to have existed.   It is difficult, therefore, to see what proof of payment was made by defendant.   The mere writing of the words "In full to date" on the check, and the fact that plaintiff's representative observed them, can scarcely be regarded as proof of payment.   But, if that could be treated as some admission of payment, it is offset by the fact that the defendant testified that he noticed the words "August 1, 1913," after the check came back to him from the bank.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes