MARTINSON & NIBUR, Inc., v. VAN CORTLANDT OPERATING CO.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

1. PRINCIPAL AND AGENT ☞123—ACTIONS—EVIDENCE.
    In an action for the purchase price of wines, evidence *held* insufficient to show that the purchaser was justified in deducting from the price indebtedness due from the wine agent who made the sales; it not appearing that the agent was authorized to allow such deductions.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429;  Dec. Dig. ☞123.]

2. PRINCIPAL AND AGENT ☞137—AUTHORITY OF AGENT—ADMISSIONS—WHAT CONSTITUTE.
    Where a dealer in wines twice acquiesced in a customer's deduction of amounts due from its wine agent, such acts, if admissions, were only admissions concerning those bills, and were no ground of an estoppel to deny authority to make deductions upon subsequent bills.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 492–494;  Dec. Dig. ☞137.]

3. EVIDENCE ☞220—ADMISSIONS.
    Where a debtor returned a bill with a check and a statement of credit given the seller's agent, the seller's failure to protest or reply for some weeks will not preclude recovery of the full amount.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 771–785; Dec. Dig. ☞220.]

4. ACCORD AND SATISFACTION ☞10—ESSENTIALS.
    There can be no accord and satisfaction of a claim, where there was no dispute.
    [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–74;  Dec. Dig. ☞10.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Martinson & Nibur, Incorporated, against the Van Cortlandt Operating Company.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

Argued   October   term,   1915,   before   BIJUR,   PAGE,   and SHEARN, JJ.

Goldstein & Goldstein, of New York City (David Goldstein and Abraham Lipton, both of New York City, of counsel), for appellant.

Cohen Brothers, of New York City (Lawrence B. Cohen and Myron L. Lesser, both of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff was a dealer in wines.   Defendant operated a hotel.   One Ferriss sold plaintiff's goods on a commission basis.   He sold defendant two lots of plaintiff's goods successively, and when plaintiff sent the bills for these goods to defendant, defendant paid the first bill of April 12, 1913, for $175, by a check of $134.70, and noted on the bill, "G. Ferriss' account, $40.30."   The bill was thereupon receipted by plaintiff and returned to defendant.   The second bill of May 12, 1913, was for a like amount.   Defendant sent its check for $127.95, and wrote on the bill, "Credit Ferriss' bills annexed, $47.05."   Whereupon plaintiff wrote "Received payment in full" on the bill and return-

ed it. The third bill, of September 4, 1913, caused the present controversy. This was for the same amount, $175. Defendant deducted $90.30 for an additional account of Mr. Ferriss, and sent his check for the difference, $84.70. It received no reply, and on October 18th defendant wrote asking for a receipt. There was a dispute as to whether that letter had been answered. At all events, in July, 1914, plaintiff requested payment of the balance, $90.30, and when defendant insisted that that had been paid by Ferriss' account with defendant the present action was brought.

At the trial, plaintiff, for some unexplained reason, undertook to offer some evidence which apparently bore on the question of what right Ferriss had to expend money on its account, but on defendant's objection that evidence was excluded. There is no evidence, therefore, as to the character of Ferriss' indebtedness to defendant, though it seems to be assumed that it was for board at defendant's hotel. At all events, I do not understand that defendant claims that the expenditures which gave rise to Ferriss' indebtedness to the hotel related to anything within the actual or implied scope of Ferriss' authority as agent of the plaintiff, if, indeed, he was plaintiff's agent. Ferriss himself testified, without contradiction, that the amounts deducted by the defendant from the first two bills as Ferriss' account were paid by Ferriss in cash to plaintiff. But as there is no evidence that defendant knew of this payment, the case must be regarded as though that factor were not present. Ferriss, it may be stated, was unquestionably not employed by the plaintiff directly, but by another concern, which apparently acted as middlemen or brokers.

[1-4] I am unable to determine on what theory a finding in favor of defendant can be sustained. The mere fact that plaintiff twice acquiesced in having Ferriss' bills at the Hotel Van Cortlandt charged to it does not, to my mind, give rise to any inference that plaintiff had agreed to pay all or any bills that Ferriss might incur at that hotel in the future. Even if regarded as an admission, it could only be an admission of the liability to pay or be liable for the two bills which were those liquidated. Defendant did not testify that it relied on these occurrences in giving Ferriss further credit; but, even if it had so testified, there would have been no adequate justification for such reliance, and therefore no estoppel. It is true, plaintiff's failure to make some protest when the third bill was returned to it with a credit of Ferriss' account, or to reply to defendant's letter six weeks later, may be regarded as ungracious; but the failure to reply to communications of that character gives rise to no legal obligations. Bank of B. N. A. v. Delafield, 126 N. Y. 418, 27 N. E. 797. Of course, it is elementary that there was no accord and satisfaction, since there was no dispute.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.