### HARRIS et al. v. MORTEN & CO.

(Supreme Court, Appellate Term, First Department.   October 25, 1916.)

EVIDENCE ⊂⊃271(19)—SELF-SERVING DECLARATIONS—LETTERS.

In a broker's action for commissions for having procured an assignee of a lease of premises occupied by the defendant, the plaintiffs' letters addressed to the defendant and to the new lessee, containing self-serving declarations as to plaintiffs' rights in the premises, that they were the sole authorized brokers, and as to their recognition by the defendant as such, were inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1097–1099; Dec. Dig. ⊂⊃271(19).]

Appeal from City Court of New York, Trial Term.

Action by Duncan G. Harris and C. Wheaton Vaughan, copartners, etc., against Morten & Company. From a judgment of the City Court of the City of New York in favor of plaintiffs entered upon the verdict of a jury, defendant appeals. Reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Townley, Foster & Chambers (Alfred H. Townley, of New York City, of counsel), for appellant.

Carter, Ledyard & Milburn, of New York City (Edwin De T. Bechtel, of New York City, of counsel), for respondents.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BIJUR, J. Plaintiffs sued for commissions for having procured a tenant—that is, an assignee of a lease—of premises previously occupied by the defendant.

It is not necessary to consider other points raised on this appeal, because it is manifest that the verdict must be set aside because of the admission of improper testimony offered and urged by the plaintiff. This consists of three letters, two addressed to the defendant or its president and one to the new lessee, during the course of the negotiations for the new lease, which are replete with self-serving declarations made by the plaintiffs as to their rights in the premises, their being the sole brokers authorized, their recognition by the defendant as such, etc.

It scarcely needs the citation of authority to justify the reversal of this judgment on that ground, but the leading case of Bank of British North America v. Delafield, 126 N. Y. 410, 27 N. E. 797, is in point. Indeed, respondent emphasizes the impropriety of the introduction of this proof by saying of the letters: "They were simply of historical and circumstantial value in the case." That is true to the extent that they were in no wise binding or conclusive upon the defendant, but that they were intended to and did influence the jury materially to the defendant's great disadvantage is equally clear.

The introduction into evidence of the letter to the new lessee might have been justified in part as a step in the negotiations, but the last sentence is purely declaratory of plaintiffs' claim to be the only broker in the case; and the two letters to the defendant relate solely to plaintiffs' claim for commission.

In passing, it may also be remarked that no pretense was made that they were part of a correspondence; no letters from the lessee or from the defendant in answer to those introduced having been offered nor their existence even suggested.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.