Submit Order on Notice within ten days.

**Joseph MacDONALD, Plaintiff,**

v.

**FEDERAL LIFE AND CASUALTY CO. et al., Defendants.**

**No. 75 C 951.**

United States District Court, E. D. New York.

April 9, 1976.

nual bonus, based upon performance. A bonus agreement was arrived at during the year 1972. The bonus formula was signed by the plaintiff and returned to the defendant. In March, 1973, the 1972 bonus checks were mailed with a letter stating that an "arbitrary after the fact" reduction in the bonus was made by the movant. This letter was dated February 26, 1973, attached to the moving affidavit. This bonus was reduced from the formula arrived at for 1972 of $25,000.00 to $10,649.00. The plaintiff endorsed upon the back of the check, partial payment, and so advised the defendant by mail. That this payment was considered as partial payment against the earned bonus of $25,000.00 for 1972. During April, 1973, plaintiff was offered a fixed bonus of $10,649.00 for the year 1973, if he remained with the movant for the entire year. The plaintiff was discharged on November 16, 1973, paid the stipulated bonus together with two months severance pay. He states that the annual bonus was not an arbitrary payment, but a binding contract between the parties obligating the defendant to pay $25,000.00 in bonus payment, provided he remained in the employ of the defendant.

In support of the motion for summary judgment, the movant states that the document in question is not contractual in nature, and that paragraph 6 provides:

"This arrangement may be modified or terminated at any time by the company and in no way constitutes a contractual obligation by Federal Life and Casualty Company. The terms of this provision may be exercised at the option of the Federal Life and Casualty Company in the determination of amount of bonus to be paid on any group risk which produces group life or weekly indemnity premium in excess of $50,000.00 per year."

This document was signed by the plaintiff and returned to the defendant. The movant urges that it is perfectly clear no contractual intent was intended between

Albert M. Swift, Hollis, New York, for plaintiff.

Vincent, Berg & Russo, New York City, for defendant Federal Life and Cas. Co., by Frank M. Marcigliano, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, dismissing the plaintiff's complaint.

The plaintiff alleges that he was an employee of the movant, hired during April, 1970 and that he was to receive a fixed weekly salary together with an an-

the parties, and that the movant retained full unilateral authority to modify the bonus arrangement. This was necessary because of financial reversals that might occur during any year. During the years 1972–1973, the movant lost money, therefore, the downward bonus modification. The contention of the movant is simply, this proviso, above stated, creates no contract. The employer is free to or not to pay a bonus in its sole discretion.

█ It is well settled that on a motion for summary judgment, the court cannot try issues of fact, it can only determine whether there are issues to be tried. *American Manufacturers Mutual Insurance Company v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279, (2 Cir.) (1967).

In the case at bar, the court is obliged to grant the relief sought.

There is no contention that the plaintiff did not know or understand the contents of the bonus arrangement document. The affidavits, exhibits and deposition of the plaintiff clearly indicate his complete knowledge of the bonus arrangement. He is simply disappointed in not receiving his expected bonus.

█ The reservation, contained in the bonus arrangement for 1972, clearly negates any intent of the promisor to be contractually bound with an employee. If this were not true, there would be no plausible explanation for it being inserted in the document. It is merely an indefinite promise to pay a bonus which determination is wholly optional on behalf of the promisor, and, therefore, unenforceable. *Dolge v. Dolge*, 70 App. Div. 517, 75 N.Y.S. 386. It is merely an illusory promise too indefinite to be enforceable. *Ford Motor Co. v. Kirkmyer Motor Co.*, 4 Cir., 65 F.2d 1001.

█ Secondly, the movant urges that the tender of $10,649.00 and acceptance thereof by the plaintiff constituted a valid accord and satisfaction, discharging the defendant from any further liability.

The plaintiff states that no bona fide dispute existed between the parties as to the amount due, therefore, acceptance of the lesser bonus did not constitute an accord and satisfaction.

This contention is untenable. The complaint alleges a breach of contract in which the balance of $14,351.00 was due the plaintiff. In lieu thereof, a reduced bonus payment of $10,649.00 was tendered and accepted by the plaintiff. There is no doubt a bona fide dispute existed between the parties as to the amount due the plaintiff.

In *Dover Plumbing & Heating Corp. v. Graymark Estates, Inc.*, Mun.Ct., 111 N.Y.S.2d 521, the court held in part at page 523:

"There can be no accord and satisfaction of a claim where there was no dispute. *Martinson & Nibur v. Van Cortlandt Operating Co.*, Sup., 155 N.Y.S. 359; *Greenberg v. Eisenberg*, Sup., 154 N.Y.S. 119.

"An accord and satisfaction is created by the payment of a less sum than claimed, where the amount of the claim or its validity is honestly and in good faith disputed and the amount due is not liquidated. Where there is no 'bona fide' dispute between the parties as to the amount due, payment of a lesser sum than the amount demanded will not operate as an accord and satisfaction." (cases cited).

The court after due deliberation of the arguments, and applicable law grants the motion of the defendant, dismissing the complaint.

It is so ordered.

The court further notes that on page 1 of the plaintiff's memorandum, by stipulation, the actions against the co-defendants, Home Insurance Company and City Investing Company, have been discontinued.